## HUNT ET AL. v. EUREKA GULCH MINING CO.

1. PLEADING — THE CHARACTER AND OBJECT OF AN ACTION DETERMINED BY THE COMPLAINT.— The allegations of a complaint determine the character and object of an action, and the plaintiff cannot be permitted, after the trial of a cause, to assume a wholly different object as the purpose of the action.

2. AN ACTION IN SUPPORT OF AN ADVERSE CLAIM NOT MAINTAINABLE UNLESS THE ADVERSE BE FILED WITHIN THE SIXTY DAYS OF PUBLICATION.— When an application is filed in a United States land-office for a patent to mining premises, and notice of the application is published as required by the United States Statutes, a suit to contest the rights of the applicant cannot be maintained under section 257 of the Civil Code, unless the plaintiff shall have

filed his adverse claim to the premises in said land-office, as provided by section 2326, Revised Statutes of the United States, within the sixty days of publication required to be made by the register, upon filing the application for patent. Such action cannot be maintained when the adverse claim is not filed until sixty-two days after the commencement of the publication.

*Appeal from District Court of San Juan County.*

CIVIL CODE, section 257, provides that an action may be brought by any person in possession of real property against any person who claims an estate or interest therein adverse to him for the purpose of determining such adverse claim or estate.

Revised Statutes of the United States, section 2326, provides that, where an adverse claim to the issuance of a patent for mining lands is filed during the period of publication of notice of application for the patent, all proceedings shall be stayed until the controversy is settled by a court of competent jurisdiction.

Messrs. HUDSON & SLAYMAKER, for appellants.

Messrs. MONTAGUE & FITCH and SAMUEL SLESSENGER, for appellee.

RICHMOND, C. ' By the record in this case it appears that the appellee, defendant below, on the 26th day of October, 1885, filed its application for a United States patent for a certain mining claim, particularly described in the complaint, called "No Name Lode," under the provisions of sections 2325, 2326, Revised Statutes of the United States; that notice of the application, by direction of the register and receiver of the United States land-office at Durango, Colorado, was published in the Animas Forks Pioneer, and that the notice first appeared in the issue of said newspaper on the 31st day of October, 1885, and appeared in each and every weekly issue of said newspaper thereafter, up to and including

the 2d day of January, 1886; that on the 1st day of January, 1886, appellants, E. W. Hunt and Thomas Doyle, plaintiffs below, filed their adverse to the application of appellee for a patent, and thereafter, on the 27th day of January, 1886, instituted this action to support such adverse filing.

The cause was tried to the court, and the court found that the adverse claim was not filed within the time allowed by law for filing adverse claims, and therefore dismissed the action, at plaintiffs' cost. To reverse this action this appeal is prosecuted.

The question for our determination is, did the plaintiffs file their adverse claim within the time allowed by law? if not, can they maintain their action? In the brief and argument appellants take the position that, whether an adverse claim be filed in the land-office or not, still they are entitled to maintain their suit under section 257 of the Civil Code. The complaint in this case clearly shows the cause of action which the pleader intended to state. No one can read it and fail to conclude that the suit was brought upon an adverse filing, to contest defendant's application for patent to the premises in controversy, and that the purpose of the pleading was to put in issue and try the questions which by section 2326, Revised Statutes of the United States, are submitted to courts for adjudication. The language of the complaint is that they "were the owners of and in possession of certain mining premises situate, lying and being in Eureka mining district in the county of San Juan, Colorado; * * * that the said premises comprise all of that certain lode mining claim that is known and recorded as the 'Nameless Lode;' that the defendant claims an estate or interest in and to said premises, and all thereof, adverse to that of plaintiffs; that defendant has made application at the United States land-office at Durango, Colorado, for a patent for all of said premises, claiming in said application to be the owner of said

premises under the name of the 'No Name Lode;' that the application for the patent is still pending, and that the plaintiffs on the 1st day of January, 1886, to protect their title and right of possession in and to said premises, filed in the United States land-office at Durango, Colorado, their protest and adverse claim against the issuing of a patent for said premises to defendant or other person; that this suit is begun in support of the said adverse claim of the plaintiffs."

The above is all of the complaint necessary for us to recite to indicate unmistakably the purpose and object of the action.    To permit the plaintiff, after the trial of the cause, to assume altogether another and a different object, would be in violation of every rule of pleading. The allegations in the complaint determine the character and object of the action.    *Becker v. Pugh,* 9 Colo. 589; *Mining Co. v. Kirtley,* 12 Colo. 410.

The plaintiffs having elected to proceed under the provisions of the section above referred to, the next and only remaining inquiry is, did they bring themselves within the provisions of those sections?    It is admitted by the complaint and in the argument of appellants that the appellee made its application for the patent on the 26th day of October, 1885, and that, pursuant to the order of the register and receiver of the United States land-office, notice of this application was published on the 31st day of October, 1885, and that the appellants did not locate the claim and file the adverse until the 1st day of January, 1886.

Section 2325 provides that, upon filing an application for a patent for land, the register of the land-office "shall publish a notice that such application has been made, for the period of sixty days, in a newspaper to be by him designated as published nearest to such claim, and he shall also post such notice in his office for the same period of time.    At the expiration of the sixty days of publication the claimant shall file his affidavit showing that the

plat and notice have been posted in a conspicuous place on the claim during such period of publication. If no adverse claim shall have been filed with the register and the receiver of the proper land-office, at the expiration of the sixty days of publication it shall be assumed that the applicant is entitled to a patent upon the payment to the proper officer of $5 per acre, and that no adverse claim exists, and thereafter no objection from third parties to the issuance of the patent shall be heard, except it be shown that the applicant has failed to comply with the terms of this chapter."

In *Wight v. Dubois*, 21 Fed. Rep. 693, Judge Brewer, adopting the construction of these provisions announced by Judge Hallett in the same case, sums up in brief his conclusions (page 696), as follows: " (1) The government, as a land-owner, offers its lands for sale upon certain prescribed conditions, compliance with which is a matter of settlement between the owner and the purchaser alone, and with which no stranger to the title can interfere. (2) Publication of notice is process bringing all adverse claimants into court, and, if no adverse claims are presented, it is conclusively presumed that none exist, and that no third parties have any rights or equities in the land. (3) Thereafter the only right or privilege remaining to any third parties is that of protest or objection filed with the land department, and cognizable only there; if sustained by the department, the proceedings had by the applicant are set aside; if overruled, the protestant or objector is without further right or remedy."

Accepting the above conclusions of the learned judge as being the correct interpretation of the statute, it follows that, unless the appellants have brought themselves within the provisions of the law by filing their adverse claim within the sixty days provided for the publication of notice, the action of the court in dismissing the complaint must be sustained.

It is contended by appellants that because this notice

was published first on the 31st day of October, 1885, and last on the 2d day of January, 1886, and their adverse claim was filed on January 1, 1886, the adverse was duly filed within the period of time prescribed by law. In other words, appellants claim that they have sixty-two days within which to file their adverse. This very question has received the consideration of the honorable secretary of the interior in *Miner v. Marriott*, 10 Copps, Land Own. 339. He held that, notwithstanding the fact that the regulations of the department require ten weekly publications of such notice, making sixty-three days between the first and last publication, yet, nevertheless, the adverse claim must be filed within sixty days, as provided by the statute. In arriving at this conclusion the honorable secretary says that "nine issues of a weekly paper would not cover the required period. It is true that the tenth insertion carries the publication three days beyond the legally required sixty days, yet for the purpose of meeting the requirement of law ten insertions are in fact necessary, since the continuity for sixty days can be preserved only by the tenth publication, which falls on the sixty-third day after the first. It is also true that the applicant cannot proceed to complete his entry until after the tenth publication, but this is because it is essential as proof of sixty days' publication. These reasons do not apply to an adverse claimant, and his acts are not controlled thereby. He has the plain letter of the law for his guide. His course is clear and his duty plain. He has sixty days, on any one of which he may file his adverse claim; if he fails to file within the sixty days of publication prescribed by the law, he is barred. Before either party can recover in an 'adverse' mining suit he must show a compliance with the statutes. state and federal, and local miners' rules and regulations relating to the location of mining claims." *Becker v. Pugh, supra*.

We are not without authority in our own court to sup-

port the conclusions of the court below. In *Mining Co. v. Kirtley, supra,* this court held that "an allegation in the complaint, in an action for the recovery of possession of a mining clain, that the action is brought in support of adverse claims, must be regarded as determining the character and object of the action, viz., to establish plaintiff's right to possession by reason of a valid location thereof under the adverse claims in support of which the action is brought, and to stay defendant's proceedings under his application for a patent until the plaintiff's right under his adverse claims may be adjudicated. * * * It therefore becomes a material question whether the requirements of the statute in relation to filing such claims have been complied with," and an allegation in the answer that defendant's right to a patent was not adversed by a claim under which plaintiff claims the right of possession of the premises in controversy presents a good defense. Quoting further from this opinion, at page 415, after citing the statute, the court says: "By these provisions of the statute, the filing of an adverse claim is made the first step to be taken in proceedings for determining the right of possession and title under a valid location for the purpose of establishing the right to a patent, and upon taking this step the issuance of a patent is stayed until such right has been determined, or has been waived by the party filing such adverse claim. That a party who commences an action under the statute to determine such right of possession must stand or fall by the rights which he has asserted in his adverse claim seems evident from the requirement of the statute that the nature, boundaries and extent of such adverse claim must be shown by the adverse claim filed."

In the *Eureka Case,* 4 Sawy. 302, Justice Field uses this language: "When one is seeking a patent for his mining location, and gives proper notice of the fact as therein prescribed, any other claimant of an unpatented

location objecting to the patent of the claim, either on account of its extent or form, or because of asserted prior location, must come forward with his objections, and present them, or he will afterwards be precluded from objecting to the issue of the patent."

Appellants cite in support of their position *Decker v. Myles*, 4 Colo. 558. The conclusion of the court in that case was based upon a section of law which required a notice to be published once a week for three consecutive weeks; consequently it is not in point. Other cases cited are not upon similar provisions; therefore do not apply. The number of publications is not provided for by the provisions of the United States law. By no system of computation can we arrive at any other conclusion than that the full time required by the statute had expired before plaintiff's adverse claim was filed. "A distinction, however, is made between statutes requiring publication for a certain period of time in what manner soever such period is denominated, and those requiring the insertion of the notice a certain number of times in a newspaper, where the continuance of the publication will be determined by the number of regular issues within a given time." Wade, Notice, § 1077.

The time for filing an adverse can no more be extended than can be the time for commencing action after filing such adverse, and it cannot be said that the plat and notice required to be posted on the claim must remain so posted for a longer period than sixty days. The publication is made by posting a notice in the office of the register and receiver, upon the claim, and publishing in a newspaper for the period of sixty days. Failure to do either would not be a compliance with the statute, but, as in this case, doing all in the manner directed will defeat an adverse claimant who fails to file the adverse within the period of sixty days. Our conclusion, therefore, is that, the plaintiffs having failed to file their adverse in the United States land-office within the time

prescribed by the statute, the court was justified in dis-. missing the complaint.

The judgment should be affirmed.

PATTISON and REED, CC., concur.

PER CURIAM.   For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

HAYT, J., having presided at the trial below, did not participate in this decision.