## Kannaugh v. Quartette Mining Co.

1. PLEADING — WHEN TO TAKE ADVANTAGE OF A DEPARTURE.— Where the facts relied upon in the replication constitute a departure from the cause of action stated in the complaint, the defendant waives his right to take advantage of the same by voluntarily going to trial without objection. Both at common law and under the code a departure in pleading can only be taken advantage of before trial by demurrer or otherwise.

2. ADVERSE CLAIMS TO MINING LANDS — STATUTORY LIMITATIONS.— It is the policy of the law to require the claims of all parties to mining claims to be adjusted prior to the issuance of a patent. The proceedings before the land department to procure patents are judicial in character, and the publication of notice, as provided by the statute, brings all parties into court; and if they stand by and allow the statutory time for filing adverse claims, or for bringing suit in support thereof, to elapse, their rights, so far as the same might have

been determined in such proceedings, in the absence of fraud or mistake, are forever lost.

3. DILIGENCE REQUIRED IN THE PROSECUTION OF ADVERSE CLAIMS.— A party who files his adverse claim in due time, but afterwards allows the same to be dismissed for failure to prosecute, stands in no more favorable position than if he had failed entirely to file adverse proceedings.

4. CONSEQUENCES OF FAILURE OF ADVERSE PROCEEDINGS.— The defendant in this case, having failed in his adverse proceedings, cannot be permitted to show in the courts that the party applying for a patent had not fully complied with the law.

*Appeal from District Court of Lake County.*

ACTION for possession of and damages to real property.

Appellee, as plaintiff below, filed its complaint against the appellant, in which, after alleging its own corporate existence, it is declared in substance that it was, and since August 15, 1886, had been, the owner and entitled to the possession of the Little Winnie lode mining claim, situated in said county, basing its ownership upon a full compliance with the local laws and rules of miners, the laws of the United States and of the state of Colorado, and actual prior possession; that about December 5, 1886, the defendant obtained possession of a shaft on the Treasure Vault claim, near the side line of the Little Winnie, from which it ran a certain drift into the latter claim, and at once proceeded to extract, remove and sell ore belonging to plaintiff's claim, converting the proceeds to its own use; and that the defendant also since said time has withheld the possession of the premises in dispute, to the plaintiff's damage, etc. Special damages are also claimed, based upon the value of the ore alleged to have been extracted.

The answer, after denying the trespasses complained of, denies that the plaintiff ever had been, or then was, the owner or entitled to the possession of the so-called "Little Winnie" claim, either by virtue of compliance with any local laws or statutes, or otherwise. Defendant also denies that the said claim was ever located as required by law, or that it ever had any existence as a lode mining claim. He

admits that he was in possession of the Treasure Vault claim, but denies that he wrongfully or otherwise committed the trespass or ouster, or made the entry complained of.

The defendant also filed a cross-complaint, setting forth the location, discovery and ownership of the Treasure Vault lode mining claim, and alleging that the owners of the same had, prior to the said trespass, made a lease to him of the same, from a portion of which he had been ousted by the appellee. A replication was afterwards filed, in which, after denying all the allegations of the cross-complaint, the following is pleaded:

"Plaintiff, further answering said cross-complaint, says that on the 19th day of February, A. D. 1880, the United States Gold & Silver Mining Company, the owner of the Little Winnie lode mining claim mentioned in the complaint herein, filed its application in the district land-office of the United States for patent for said Little Winnie claim; that notice of such application was duly published for the period of sixty days required by law. That during said period of publication, to wit, on the 3d day of April, A. D. 1880, the claimants of the said Treasure Vault mining claim filed in said land-office a protest and adverse claim against said application for patent, and that other adverse claims in behalf of other mining locations were also filed in said land-office against said application; that within thirty days after the filing of their said adverse claim the said claimants, being the parties mentioned in the said cross-complaint, commenced their action in the district court of Lake county to try and determine the title to that portion of said Little Winnie claim claimed by them as a part of said Treasure Vault claim, which said action was afterwards removed to the circuit court of the United States for the district of Colorado, sitting at Denver, and that said action was, in said circuit court, afterwards, on the 20th day of July, A. D. 1886, by said court dismissed at the costs of the plaintiffs therein, the said claimants of the Treasure Vault claim;

that the said adverse claims of said parties were thereby waived, and the adverse claims of all other parties were also waived, and on the 5th day of November, A. D. 1886, there were no suits pending or determined in any court against the United States Gold & Silver Mining Company, involving the 'title to the said Little Winnie lode mining claim, and this plaintiff, the grantee of the said United States Gold & Silver Mining Company and its grantees, was and is entitled to pay to the receiver of said land-office for said Little Winnie mining claim, and receive a United States patent therefor; that by reason of the premises the defendant or any other person or persons under whom he claims is estopped and barred from denying that the plaintiff is the owner of said Little Winnie claim, or from asserting title to any portion of the land included within its boundaries."

The cause was tried to the court without a jury.   Judgment for plaintiff for possession and costs.   The remaining facts sufficiently appear in the opinion.

Messrs. PATTERSON & THOMAS, for appellant.

Messrs. C. I. THOMPSON, RUCKER & EWING, and Messrs. SAYER & BLAKE, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

Although there is a large number of errors assigned, the determination of two questions will, we think, dispose of all of them.

1. Could plaintiff under the pleadings show title by purchase?   In actions of this character it is provided by the code that when "plaintiff claims the legal right to occupy and possess the premises under the local laws and rules of any mining district, or of the United States, the state of Colorado, or otherwise, the complaint shall contain a brief statement of such possessory claim, and whether the right claimed is by pre-emption or purchase, or by right of actual

prior possession on the public domain of the United States."
Code 1887, § 267.

Plaintiff in his complaint in this case bases his claim upon
his prior possession and location of the property under the
mining laws of the state and of the United States, etc., the
claim by purchase first appearing in the replication. If it
be conceded that the claim of title by purchase as set up in
the replication is a departure from the cause of action as
pleaded in the complaint, this could only have been taken
advantage of by demurrer, motion, or otherwise before
trial. If this had been done, the complaint might have
been amended, and the omission supplied. It was not done.
By voluntarily going to trial with the pleadings as they
were, the defendant must be held to have waived such ob-
jections. This is true at common law as well as under the
code. Bliss, Code Pl., §.396; 2 Chit. Pl. (16th ed.) p. 678;
*Keay v. Goodwin*, 16 Mass. 1; *Andrus v. Waring*, 20 Johns.
152; *New v. Wambach*, 42 Ind. 456.

2. By the answer and cross-complaint they claim the right
of possession to the property in controversy by virtue of a
lease of the Treasure Vault lode; hence it becomes im-
portant to determine the effect of the patent proceedings
upon the title to said claim. This raises the second ques-
tion, which may be stated thus:

May the owners of the Treasure Vault mining claim, not-
withstanding their failure to adverse, present in this action
claims which they or their grantors then had to the ground
included in the application for a patent to the Little Winnie
lode mining claim?

The facts in reference to the patent proceedings and ad-
verse suit were admitted or conceded upon the trial prac-
tically as set forth in the replication. It thus appears that
the owners of the Treasure Vault lode filed within the time
given by statute its protest and adverse against the issu-
ance of a patent to plaintiff's grantor, the then owner of
the Little Winnie claim; and that in due time said parties
commenced an action in support of said adverse claim,

which action was pending for a number of years, and then dismissed at appellant's cost for failure to prosecute. Appellant, after permitting the suit instituted by him to be dismissed for want of prosecution, certainly stands in no more favorable position here than if he had failed entirely to file adverse proceedings.

The act of congress declares that, if no adverse claim be filed within sixty days, " it shall be assumed that no adverse claim exists." The object of the law is to require the claims of all parties to be adjusted prior to the issuance of a patent. The proceedings before the land department are judicial in character, and the publication of notice as required brings all parties into court; and, if they stand by and allow the statutory time for filing adverse claims, or for bringing suit in support thereof, to elapse, their rights, so far as the same might have been determined in such proceedings, in the absence of fraud or mistake (neither of which are here pleaded), are forever lost. *Lee v. Stahl,* 9 Colo. 208; *Hunt v. Mining Co.,* 14 Colo. 451; *Seymour v. Fisher, ante,* p. 188; *Wight v. Dubois,* 21 Fed. Rep. 693. The case last cited is directly in point. It received the sanction of this court in *Hunt v. Mining Co., supra.* It is not necessary to repeat the reasoning or give in detail the conclusions there announced. It is absolutely decisive of this case.

The defendant, having failed in his adverse proceeding, cannot in this action be permitted to show that the discovery shaft of the Little Winnie claim was not within the boundaries of such claim, or to take advantage of any failure on the part of said United States Gold & Silver Mining Company to file its articles of incorporation, together with the laws of the state of Illinois, in the office of the secretary of state, before the purchase of the property in controversy. It is only necessary in conclusion to say that the trial below seems to have been conducted in accordance with the foregoing views. The evidence justifies the judgment, and it must be affirmed.

*Affirmed.*