[No. 3606.]

## MILLS ET AL. v. HART ET AL.

1. PRACTICE—JUDGMENT ON PLEADING.

A motion for judgment on the pleading cannot be sustained unless under the admitted facts the moving party would be entitled to judgment without regard to what the findings might be on the facts upon which issue is joined.

2. COTENANCY.

A purchase by a tenant in common of an outstanding title to the premises ordinarily inures to the benefit of his cotenant.

3. SAME.

Obtaining patent to mineral land by a cotenant in his own name is a perfection of the common title which inures to the benefit of the patentee's cotenants, and the patentee holds as trustee for his co-owners.

4. PRACTICE.

An objection to a departure from the cause of action stated in the complaint, cannot, for the first time, be raised in the appellate court.

5. SAME—JUDGMENT ON PLEADING.

A motion for a judgment on the pleading cannot prevail, unless on the facts thereby established the court can, as a matter of law, pronounce judgment on the merits.

*Appeal from the District Court of Eagle County.*

PLAINTIFFS commenced this action to recover from the defendants an interest in the Nevada and Champion lodes, and the value of ores extracted from the premises, averring that these claims were located April 13, 1880; that they purchased their interest from the locators, and allege a compliance upon their part, and the part of their grantors, with the laws relative to mining claims; and that subsequent to such purchase, the defendants, or some of them, in 1886, became the owners by purchase of the remaining interest therein, and thereafter entered into the exclusive possession of the premises in controversy.

The company and defendant J. T. Hart answered, that the former was the owner of these properties, and held receiver's receipt and patent therefor; that it deraigns its title

from relocations, as abandoned property, of the premises described in the complaint, of date January 2, 1882, the work thereon not having been performed for 1881, and allege compliance upon their part and the part of their grantors, with the mining laws; that the defendants, Perkins, Shreve, Hubbell and Hart, by mesne conveyances, became the owners of these relocations February 19, 1886, and that subsequently, the defendant company became the owner, without notice that the plaintiffs claimed or had any interest therein; that May 11, 1886, the individual defendants above named filed an amended location certificate, without waiver of any rights acquired under the relocations of January 2, 1882, in which the two claims were included as one, named the Champion, and on April 12, 1887, filed application for patent, on which, November 11, 1891, receiver's receipt, and May 21, 1892, patent, issued to the company.

For replication to these answers plaintiffs admitted the issuance of receiver's receipt and patent; denied that in 1881 the work was not performed on the Nevada and Champion lodes; averred the performance of the work thereon for that year, and denied that the company became the owner without notice of the plaintiffs' claims and rights in the premises; but, on the contrary, that it went into possession and purchased the premises with full knowledge of such rights and claims. Defendants J. T. Hart and the company moved for judgment on the pleadings, based upon the ground that, by the replication, the issuance of the patent to the defendant company was admitted, which motion was sustained, and judgment rendered that the company was the owner of the Champion, and that the defendants go hence. Plaintiffs appeal.

Mr. CHAS. J. HUGHES, JR., Mr. A. R. BROWN and Mr. FRANK H. GILES, for appellant.

Mr. CHAS. C. PARSONS and Mr. HENRY J. MURRAY, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

By the pleadings, issues were joined upon the following questions:

1. The relationship of cotenancy between the plaintiffs and the individual defendants.

2. Acquisition of title by defendant company, with knowledge or notice of the rights and claims of plaintiffs.

As a general proposition, a motion for judgment on the pleadings, based on the facts thereby established, cannot be sustained, except where, under such facts, a judgment different from that pronounced could not be rendered, notwithstanding any evidence which might be produced (*Rice v. Bush*, 16 Colo. 484); or that such a motion cannot be sustained, unless, under the admitted facts, the moving party is entitled to judgment, without regard to what the findings might be on the facts upon which issue is joined; so that, in determining the rights of the defendants to the judgment given them, the real question to determine is, the sufficiency of the admitted facts to warrant the judgment rendered, and the materiality of those upon which issue is joined. A purchase by a tenant in common of an outstanding title to the premises ordinarily inures to the benefit of his cotenant. *Franklin M. Co. v. O'Brien*, 22 Colo. 129; Freeman on Cotenancy and Partition, § 154. A purchase by the individual defendants, or some of them, of an interest in the locations of April 13, 1880, would make the defendants thus purchasing and the plaintiffs co-owners in these locations. During the existence of this relationship, a purchase by such defendants of the title initiated by the relocations of January 2, 1882, would inure to the benefit of their co-owners in the original locations. A purchase by the company from such defendants, with notice of the rights of plaintiffs would vest the title in the former, burdened with the equities of the latter therein, and the title thus held by the company would be in trust for the plaintiffs to the extent of their interest in the premises.

The averments of the pleadings of the plaintiffs as to the time when the individual defendants, or some of them, purchased an interest in the original locations, as, also, the character of their rights in the premises, of which the company was advised at the time it acquired title, are very indefinite; but, for the purposes of this motion, it cannot be assumed that an issue was not joined upon the question of the existence of the relationship of cotenancy between them and some of the individual defendants in the locations of April 13, 1880, at the time the latter purchased the relocations of January 2, 1882, or that issue was not joined upon the question of acquisition of title by the company, with notice of such rights of the plaintiffs in the premises as would preserve their equities therein. With these issues made, the issuance of the patent was not conclusive of the rights of the parties in the premises. Obtaining patent from the government for mineral land, by a cotenant, in his own name, is not the purchase of an outstanding adverse title by a cotenant, as that expression is ordinarily used; but, rather, the perfection of the common title, which inures to the benefit of the cotenants of the patentee, to which the above rule of cotenancy applies, for the reason that cotenants stand in that relation of mutual trust and confidence towards each other that the title thus acquired by patent, the patentee holds as trustee for his co-owners in the premises. *Sawyer v. Turner*, 16 Morrison, 360; affirmed in 150 U. S. 578. It therefore follows, that these issues were material; upon their determination depended the rights of the parties in the premises, and the court could not pronounce judgment upon the merits until it had heard the evidence on these subjects, and determined the facts in relation thereto.

We do not wish to be understood as holding that the above rule regarding the effect of the acquisition of an adverse title by a cotenant is inflexible; on the contrary, there are exceptions, but, under the issues made by the pleadings, we cannot say that this case falls within any exception to the general rule. It is argued by appellants that other mate-

rial issues were made by the pleadings, but, as the case must be remanded, it is not considered advisable to discuss this subject further.

On behalf of appellees, it is contended that the motion was properly sustained, for the reasons :

1. A patent is conclusive in an action in ejectment, and judgment for possession of the property cannot be rendered in such an action against the patentee.

2. Plaintiffs cannot, by replication, change the action from one at law to a suit in equity.

3. That plaintiffs have not pleaded tender of their *pro rata* share of the expense of obtaining patent, or an offer to contribute such share.

As an answer to the first proposition, it is sufficient to suggest, that this is a suit in equity, to have the defendant company declared trustee of the legal title for the benefit of the plaintiffs, to the extent of their interest therein.

With the suggestion, as an answer to the second, that an objection to a departure from the cause of action stated in the complaint cannot, for the first time, be raised in this court (*Kannaugh v. Quartette M. Co.*, 16 Colo. 341), the second and third propositions may be considered together. A motion for judgment on the pleadings cannot prevail, unless, on the facts thereby established, the court, as a matter of law, can pronounce a judgment on the merits; that is, determine the rights of the parties to the subject-matter of the controversy, and render a judgment in relation thereto which is final between the parties. Such a motion cannot, under the guise of motion for judgment on the pleadings, be substituted for some other plea. *Harris v. Harris*, 47 Pac. Rep. 841; 9 Colo. App. 211. If there was a departure from the cause of action originally pleaded, or if the replication or other pleadings of the plaintiffs failed to state facts sufficient to entitle them to maintain the action, these were objectionable features which should have been raised by motion or demurrer. With material issues presented by the pleadings of the plaintiffs, though insufficient or improperly pleaded,

the court could not, on motion, render judgment on the merits, establishing the rights of either of the parties to the subject-matter of the controversy.

The judgment is reversed, and the cause remanded, with directions to overrule the motion for judgment on the pleadings.

*Reversed.*