Thomson, J.
The defendant, Michael Blyth, was the sheriff of Fremont county, and the other defendants were the sureties on his official bond. The bond was payable to the people of the state of Colorado, and was conditioned that Blyth should well and faithfully execute the duties of his office, perform all and every act enjoined on him by virtue of his office without fraud, deceit or oppression, and pay over all moneys that might come into his hands by virtue of his office, to the person or persons entitled to receive the same. The complaint alleged that on the 5th day of May, 1896, in the district court of Arapahoe county, The Geyserite Soap Company recovered judgment against The Florence Canning Company for $540 and costs; that on the 6th day of May, 1896, an execution on the judgment was issued and delivered to Blyth, as sheriff, commanding him of the goods and chattels of the defendant company, to make the amount of the judgment and costs; that on the 16th day of May, 1896, he levied the execution on property of the judgment defendant’ and on the 4th day of August, 1896, pursuant to the execution, sold the property so levied on, for the sum of $450.30 ; that the taxable costs amounted to $208.30; that after the payment of the costs, there was left in Blyth’s hands, applicable to the payment of the judgment, the sum of $242 ; that about the 1st of October, 1896, and at different times afterwards, the execution plaintiff made demand upon Blyth that he pay the $242 into court, or to the plaintiff, to be applied upon the judgment, but that no part of the money was paid ; that on the 15th day of February, 1897, on motion of the judgment plaintiff, the district court of Arapahoe county entered the *528 following order in the cause: “ It is ordered, adjudged and decreed that said Michael Blyth, sheriff of Fremont county, within twenty days from the entry of this decree, pay to said plaintiff said sum of $242, to be credited upon the judgment of said plaintiff, rendered in this action, and that he further pay the costs of this hearing; ” but that Blyth did not, within twenty days, or ever, pay any part of the money to the plaintiff, or to anyone in its behalf.
The defendants answered admitting the execution of the bond; the recovery of the judgment by the relator against The Florence Canning Company; the issuance of the execution on the judgment; the levy of the execution ; the sale of the property for $450.30; and the nonpayment of any portion of the money on the relator’s judgment. The answer also admitted, by not denying, the order upon Blyth to pay the relator $242, to be credited upon its judgment and its demand for the money before the entry of the order. The answer also alleged, by way of affirmative defense, that a large part of the property levied upon was perishable, and for its preservation required the care of a custodian; that for the purpose of such preservation, Blyth appointed a custodian, who took charge of the property, and retained it in his possession eighty-one days, until its sale; that the amount owing to the custodian, for his services, was $405; that the legal fees and charges of Blyth, as sheriff, for levying the execution and making the sale, was $46.30, and that the aggregate amount of the fees and charges of the sheriff and custodian was $450.30 ; that the purchaser of the property was F. M. Peters, the custodian, who, being the only bidder at the sale, offered a sum exactly equal to his own charges, plus the fees of Blyth; and that by the sale, all moneys due the custodian and Blyth were paid, and nothing more.
The following is the only part of the replication which we regard as of any importance: “ Plaintiffs allege that the said Michael Blyth returned on said execution his bill of costs, and that as one item, the costs which he sought to have taxed upon and allowed in his behalf on said execution, he *529 returned the sum of $405 as custodian’s fee. And that on the 31st day of August, 1896, The Geyserite Soap Company, plaintiff in said action, filed its motion in said district court asking said court to retax the costs as returned by said Michael Blyth as sheriff upon said Writ of execution. That on the 21st day of October, 1896, said motion duly came on for hearing before the district court of Arapahoe county, Colorado, in which said action was pending, and from which said execution issued. That upon said hearing the said district court of Arapahoe county entered the following order:
“ ‘ Now come the parties by their attorneys, and this cause coming on to be heard upon the. motion of the plaintiff for a retaxation of the costs of the sheriff in the above cause, and the court being fully advised in the premises, finds that the charge of said sheriff for custodian’s fees is excessive. It is, therefore, ordered, adjudged and decreed that the said bill of said sheriff for $5 per day for 81 days for custodian’s fees is hereby disallowed; and the court being satisfied that $2 per day is a fair and reasonable compensation for the services rendered by the custodian in this case, the said sheriff is allowed to charge as part of his costs herein the sum of $2 per day for 81 days for the custodian of said property while the same remained in his possession. It is further ordered that the return of sheriff be amended in accordance with the above order.’ ” •
At the trial, counsel for the people offered in evidence the record in the case of The Geyserite Soap Co. v. The Florence Canning Co. The return upon the sheriff’s execution, which was received in evidence without objection, was that he had ’executed the writ by levying upon certain property, personal and real, of the execution defendant, describing the same, and, after due advertisement, by selling the same to the highest and best bidder for $450.30, such bidder being F. M. Peters, who bought the property to protect the fees of the custodian and sheriff, and the expenses of printing. The introduction of the order on the motion *530 to retax the costs was resisted for two reasons: First, that the complaint did not show notice of the motion to have been given; and, second, that the order was pleaded in the replication, and not in the complaint. Both objections were overruled.
1. The order recites the appearance of the parties by counsel, and it was proved that Blyth was present at the hearing of the motion, in person and by attorney, and that his attorney was heard in his behalf. The only purpose of notice is to bring parties into court, and if they come without it, it is unnecessary. Bjr his appearance at the hearing, Blyth waived service of notice, so that there is nothing in the first objection.
2. The other is untenable for two reasons. In the first place it came too late. If counsel regarded the statement of the order in the replication as a departure, they should have moved to strike it out, but they failed to do so. By withholding their objection until the trial, they waived it. Kannaugh v. Quartette Mining Co., 16 Colo. 341; D. & R. G. R. R. Co. v. Cahill, 8 Colo. App. 158. But it was not necessary to plead the order at all. Parties are not required to set forth their evidence in their pleadings. The complaint alleged that the taxable costs on the execution were $208.30 ; so far as the compensation of the custodian was concerned, the order was merely evidence supporting the allegation, and it was the only evidence by which the allegation could be supported. Section 1 of an act of the legislature, approved April 16,1891, reads as follows : “ Whenever it shall be the duty of any sheriff or constable to appoint a custodian to take charge of any property levied upon by virtue of a writ of attachment or execution, the court shall allow such compensation for the services of the custodian as shall be proper, not exceeding two and one half dollars per day, to be taxed as costs, and such officer shall not demand or receive any greater sum.” Session Law, 1891, p'. 323. It will be seen from the foregoing that it is only the compensation allowed by the court, not exceeding $2.50 per *531 day, which can he taxed as costs. It was the duty of the sheriff to apply to the court for an allowance of compensation for his custodian, and until he should do so, and the allowance should he made, no costs were taxable on account of the custodian’s services. Blyth never applied for an order of allowance. He assumed to fix the compensation of the custodian himself, and then tax it as costs in the case. Not only did he undertake to act in the matter independently of the court, hut, apparently regarding himself as superior to a legislative enactment, he undertook to allow the custodian $5.00 per day, — just double the maximum sum authorized by the statute. The only order of allowance made by the court, was the order entered on the motion of the execution plaintiff. The act of Blyth in assuming to fix the custodian’s compensation, and tax it as costs, was without authority and void. That compensation was not fixed, except by the order, and until the order, the amount to which he was entitled was never taxed as costs. See Edinger v. Thomas, 9 Colo. App. 151. The order was admissible in support of the general allegation in the complaint concerning the costs, but being merely evidence, it was unnecessary to set it forth.
The defendants made persistent hut ineffectual efforts to show that Blyth received no money from the purchaser at the sale, and serious complaint is made of the rulings against them. They also say that the order requiring Blyth, within twenty days, to pay to the judgment plaintiff $242, while conclusive on Blyth, does not bind his sureties, citing Stephens v. Shafer, 48 Wis. 54, Crawford v. Word, 7 Ga. 445, Graves v. Bulkley, 25 Kan. 249, and Fay v. Edmiston, 25 Kan. 439. The doctrine of those cases is that in a suit upon a sheriff’s bond, an order like the one in question, is only prima fade evidence against the sureties, who are at liberty to make any defense against the action that the sheriff might have made against the order. But the proof offered by the defendants would have contradicted their answer; and it appears conclusively from the facts admitted, and the facts proved, that *532 the sheriff had no defense against the order. The defendants admitted the levy; they admitted the sale of the property for $450.30 ; they alleged the legal charges of the sheriff for ,the levy, sale etc., to be $46.30; and the proof was that the court allowed as compensation to the custodian, to to be taxed as costs, $162. Adding this sum to $46.30, the fees and charges of the sheriff as set forth in the answer, we have $208.30 as the total taxable costs, and subtracting the latter sum from $450.30, the admitted proceeds of the sale, we have $242 for application on the judgment. There was no escape for the sheriff from those facts'; the order necessarily followed the motion ; and as the sureties are allowed no defense which the sheriff might not have originally made, the order is conclusive upon them. We find no error in the record, and the judgment is affirmed.

Affirmed.