[No. 4587.]

. WOODWARD v. WOODWARD.

**1.  Pleading—Departure—Conveyances—Trusts—Fraud.**

In an action to recover real estate, where the complaint alleged that the land was conveyed in trust for the use of the grantor and his heirs, a replication which alleged that the conveyance was obtained through fraud and undue influence over the grantor, was a departure from the allegations of the complaint, and a demurrer to the replication on that ground was properly sustained.

**2.  Pleading—Practice—Departure—Demurrer—Motion.**

An objection to a departure in pleading may be raised either by demurrer or motion.

3. **Wills—Conveyance.**

Where a will devised real estate in fee, a subsequent conveyance of the real estate to the devisee in trust for the benefit of the devisor, did not revoke the will, and, at the death of the devisor, all the title which he had to the land devised, both legal and equitable, passed to the devisee.

4. **Wills—Conveyances—Pleading.**

Where land was devised by will and afterwards conveyed by the devisor to the devisee, in an action to recover the land from one claiming under the devisee after the death of the devisor, the defendant could rely both on the will and the conveyance to establish title.

*Error to the District Court of Arapahoe County: Hon. Calvin P. Butler, Judge.*

Messrs. ROGERS & BARRY and Mr. JOHN F. MAIL, for plaintiff in error.

Messrs. PERRY & BLISS, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

George W. Woodward brought his action in the district court of Arapahoe county for the purpose of recovering certain real estate alleged by him to have been conveyed by Ona H. Woodward to Albert O. Woodward in trust, and for an accounting of the rents, issues, profits and proceeds had and received by said defendant. The complainant alleges that he is the sole heir at law of Ona H. Woodward, deceased; that the said Ona departed this life in the month of November, 1899; that he was the owner of certain real estate situated in the county of Arapahoe, describing it; that he died intestate; that some time, or times, prior to his death he voluntarily and without any consideration, conveyed all and singular the described real estate, to Albert O. Woodward, in trust for the use and benefit of him, the said Ona, his heirs and assigns, the profit and proceeds thereof

to be used for the benefit of him, the said Ona, in his lifetime; that on or about February, 1899, the said Albert O. Woodward, without any consideration, conveyed all the real estate mentioned, to the defendant, Martha Woodward, and that the said Martha, at that time, and at all times, well knew that the said Albert had and held the record title to said real estate to and for the use of said Ona, his heirs and assigns.

The answer denies that the real estate was conveyed in trust, and alleges that, as to certain portions thereof, it was conveyed for and in consideration of the natural love and affection which said Ona bore to said Albert O. Woodward; as to other portions, that it was conveyed for a valuable consideration; that the said Albert O. Woodward is deceased; that, since the death of said Ona, the said Albert departed this life, and left, surviving him as his sole heir at law, his mother, the defendant; and that said Albert published and declared his last will and testament, wherein he gave, devised and bequeathed unto the defendant, all of the property, real and personal, of every kind and nature, which he might own at the time of his death. An amendment to the answer was filed June 28, 1901, in which it is alleged that since the filing of the answer, and on, to wit, the 13th of May, 1901, the will of said Ona H. Woodward, executed the 8th of January, 1885, whereby the said Ona gave and devised unto said Albert all the real property which he then owned or thereafter might own by any legal or equitable title unto the said Albert, his heirs and assigns, forever, was duly proved to be the last will and testament of said Ona H. Woodward, and duly admitted to probate and record as such.

The replication denies that said Ona conveyed the property described to said Albert in consideration of natural love and affection, and alleges that

said conveyances were secured by said Albert to be made by said Ona by the undue influence which said Albert had over said Ona; that said Ona was, at the time, an old and feeble man and not of sufficient mental capacity to guard his own personal affairs; admits that a will, purporting to be the last will and testament of said Ona H. Woodward, has been admitted to probate and record in said county court, but plaintiff says that said will has no operation on the property in controversy herein, by reason of the transfers in the complaint mentioned, after the execution of the will, and, therefore, as to said property, said will was, by operation of law, revoked.

A demurrer to the replication was sustained. The plaintiff elected to stand by his replication. Judgment dismissing the bill was rendered, and from the judgment the plaintiff in error brings the case here for review.

The demurrer to the replication was properly sustained because its allegations are a departure from the allegations of the complaint. The complaint charges that the property was conveyed in trust for the use, benefit and behoof of the grantor, his heirs and assigns. The replication charges that the deeds were fraudulent; that the grantor, being an old and feeble man, was unduly influenced to execute the deeds to Albert O. and Martha Woodward. Objection to a departure in pleading may be taken advantage of by demurrer or by motion.

Although no mention is made of a writing declaring a trust in the property in controversy, we shall discuss the case, assuming that a valid trust had been alleged. According to the complaint, Ona H. Woodward executed his will in the year 1885. Subsequently he conveyed the property which he owned at the time of the execution of the will, and the plaintiff claims that the conveyances operate as a revocation

of the will. We do not think that the conveyance of
the property operated as a revocation of the will.
Our statute prescribes how and in what manner a
revocation may be effected, and this court has held
that a will is revoked by the subsequent marriage of
a testator. Formerly, and under the common law,
it was held that after-acquired property did not pass
by the will, but we have held that unless a testator
clearly shows an intention to not convey after-ac-
quired property, that all the property of which he
died seized, passes by the will.

In Page on Wills, section 279, it is said: "The
subject of revocation by alienation of estate is prac-
tically obsolete at modern law."

At section 427, Schouler on Wills, it is said: "If
a will devises nothing but a particular piece of land,
and the testator afterward sells that land, a revoca-
tion of the devise may be implied; and so, if a testa-
ment simply bequeaths specific chattels which are
otherwise disposed of during one's life, there
remains, at all events, nothing for his will to operate
upon. But one's estate may over and over again
change in value and specific character between the
date of executing it and his death. The proportions
as between various beneficiaries may greatly change
beyond what he had intended; he may part with this
piece of property and acquire that; one object of his
bounty may die and another may come into existence;
he may even die so involved in debt or utterly bank-
rupt as, in effect, to annihilate the gifts which his
own testament professes to bestow. All this, how-
ever, does not, at our day, revoke in any such sense
as to set the instrument practically aside, in whole
or in part, or disentitle it to probate. The testator's
appointment of executor still takes effect; his scheme
of disposition is not superseded in form; only it
becomes a matter of practical administration, assisted

by legal construction of the will, to determine how far and in what proportions his gifts may have failed, if they fail at all, under his unrevoked testament. * * * In short, revocation of a particular will by mere inference of law or presumption is limited to a very few instances in our modern practice; while, on the other hand, changes in the condition of the testator's affairs, or through the mortal chances to which both he and his beneficiaries are exposed, may work out a very different settlement and distribution of his estate after his death from what the will purported to arrange. Modern legislation itself repudiates, in England and some of our states, the whole theory of a presumed intention to revoke on the ground of an alteration in circumstances; and what is left of that theory, aside from such statutes, it would be very difficult to say."

At the common law, livery of seizin was necessary to transfer real property; and, as a will was regarded as a conveyance, unless a testator had possession and could convey by livery or seizin, no property passed by the will. Some of the authorities went so far as to hold that even if a testator had made a fraudulent conveyance of his property after the execution of his will, that the will was regarded as revoked as to that devise; and if property included by the terms of the will in a devise had been conveyed by the testator, and subsequently reconveyed to him, the property would not pass by the will because there had not been livery of seizin at the time of the conveyance, to wit, the will. But, in this day and generation, no such formality in the conveyance of real estate is required, and under our statutes all property of every kind and nature to which the testator held a legal or equitable title, passes by the will. The will speaks from the time of the death of the testator; and if he has acquired other property

than that mentioned in the will, it passes by the will; and if conveyances which he gave are void, the title never having passed from the testator, it passes by the will.

The plaintiff in this case claims that Ona H. Woodward conveyed the property in controversy to Albert O. Woodward, in trust for the use, benefit and behoof of him, the said Ona, his heirs and assigns. If this were established as one of the conditions of the conveyances, it would leave the equitable title to the property in Ona H. Woodward. The fee remained in Ona. He could dispose of it as he pleased, and we must hold that he did dispose of it by his will, and that all the title, legal and equitable, which he had at the time of his death, passed to the devisee, Albert O. Woodward. We have, then, a conveyance executed by Ona H. Woodward to Albert O. Woodward, in trust for the use, benefit and behoof of Ona H. Woodward, his heirs and assigns; we have what may be regarded as a subsequent conveyance, namely, the will of Ona H. Woodward, dated in the month of November, 1899, by which all of the property mentioned in the first conveyance, and all the legal and equitable title therein, is conveyed to Albert O. Woodward, relieved of the trust; and we, therefore, hold that Ona H. Woodward conveyed by his will the estate, right, title and interest, in possession, reversion or remainder, which he had at the time of his death in the lands of which he was the owner, and the real estate sought to be recovered in this case passed by the will of Ona H. Woodward to the devisee, Albert O. Woodward.

The plaintiff claims that the defendant had full knowledge of the terms of the alleged trust, and that as she and her testator have always claimed the conveyances mentioned as absolute conveyances, that she cannot now claim under the will, because of the doc-

trine which requires her to elect which of two inconsistent positions she will take. But she is not taking inconsistent positions. She can consistently claim under both the conveyances and the will, and she is not estopped to say that the will conveyed to her testator the property, and that the deeds also conveyed it. They are not inconsistent instruments—they are not antagonistic—one is but a confirmation of the other, and she can say to the plaintiff, "If you claim that the deeds were fraudulent, or if you claim that the property conveyed was burdened with a trust, in either event there remained in Ona H. Woodward an equitable title which he conveyed by the terms of the will."

For the reasons given, the judgment is affirmed.

The CHIEF JUSTICE and Mr. JUSTICE CAMPBELL concur.