[No. 5576.]
[No. 3254 C. A.]

LOUCKS v. DAVIES.

1. **Pleading—Issues—Proof—Variance—Objections.**

A variance between plaintiff's pleadings and proof, brought to the attention of the court in apt time, will defeat a recovery, unless the case be within some recognized exception.—P. 494.

2. **Pleading — Departure in Replication from Complaint—Objections—Waiver.**

A departure in the replication from the complaint must be taken advantage of by motion, demurrer, or otherwise, before trial, and such defect is waived by going to trial without objection to the pleadings.—P. 495.

3. **Appellate Practice—Parties—Capacity to Sue — Objections— Waiver.**

Where it appears from the pleadings that plaintiff has no legal capacity to sue, such objection should be raised by demurrer in the court below; and not having so raised it, appellant will be deemed to have waived the same.—P. 495.

4. **Pleading—Issues—Evidence.**

Where a trial is had without objection that the replication departs from the complaint, evidence material to the issues presented by the replication is properly received.—P. 496.

5. **Practice in Civil Actions—Instructions—Issues.**

Where a trial is had without objection that the replication departs from the complaint, instructions withdrawing the issues presented by the replication are properly refused, and instructions correctly presenting such issues are properly given.—P. 496.

*Appeal from the District Court of Larimer County. Hon. James E. Garrigues, Judge.*

Action by Ebenezer R. Davies against Harford Loucks. From a judgment for plaintiff, defendant appeals.                    *Affirmed.*

Mr. T. J. LEFTWICH and Mr. NEWTON W. CROSE, for appellant.

Mr. FRANK J. ANNIS and Mr. FRED W. STOW, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The complaint in this action is in two counts. The first is based upon an alleged sale of real estate made by plaintiff (appellee here) to defendant (appellant), for which it is averred defendant agreed to pay plaintiff the sum of $450; that defendant paid on account thereof $194, and that there is now due plaintiff from defendant, $256, with interest from October 1, 1901, at 8 per cent. per annum.

The second count of the complaint is eliminated from this appeal, as judgment on this count was in favor of appellant, and there is no cross-appeal.

The answer denied the allegations of the first count, and affirmatively alleged that June 6, 1896, the wife of plaintiff owned the real estate in controversy, and on that date executed a deed of trust on the property to the public trustee, to secure a certain promissory note; that January 5, 1897, the wife died intestate, leaving plaintiff and two minor children heirs at law; that letters of administration on said estate were issued to plaintiff; that said estate has not been settled, and is insolvent; that January 12, 1898, the deed of trust was foreclosed and the property purchased by W. O. Mosman, to whom was delivered by the public trustee a certificate of purchase, who afterwards assigned the certificate of purchase to Hugh Griffith, who in turn assigned the same, for a valuable consideration, to defendant, to whom the public trustee executed a trustee's deed for the property; and that defendant is now the owner and in possession of said property, by virtue of said trustee's deed.

The answer further denies that plaintiff had any right, title or interest in the property, or made any conveyance of the same to defendant, and avers if any equity of redemption existed, or any right or title existed, in any person other than defendant's grantors, it existed in the estate of the deceased wife and her heirs.

The answer further avers that the action was improperly brought; that if any right of action existed, it was in the administrator of the deceased wife's estate, and not in plaintiff.

A cross-complaint alleged payment by defendant, for the use and benefit, and at the special instance and request of, plaintiff, of $50 to one Beckwith, and the further sum of $10 to one McCallum, which moneys have not been repaid, and demands judgment for $60 against plaintiff.

The reply admits that the title to the property was in the wife of plaintiff, the execution of the deed of trust, the death of the wife, the appointment of plaintiff as administrator of the estate, the insolvency of the estate, the sale of the property under the deed of trust, the purchase thereof by Mosman, the issuance of a certificate of purchase to Mosman, and the assignment to Griffith, and then avers:

"That said assignment from said Mosman to the said Griffith was then and there procured by plaintiff for the use and benefit of plaintiff, and that said Griffith thereafter held said certificate of purchase in trust for the sole use and benefit of this plaintiff for the purpose of securing to said Griffith the repayment to him of the amount advanced for the use and benefit of plaintiff, to the said Mosman; that at the time when said plaintiff was about to repay said Griffith the balance due upon said certificate of purchase, he then and there agreed on the 15th day of September, A. D. 1901, to sell the same to the defendant, for which the said defendant was to pay the sum of $450.00, and at which time there was then and there due a deed from the public trustee under said certificate, and that said defendant assumed to pay as part of the consideration therefor to said Griffith, the balance due upon said certificate amounting to $144.00, and thereupon to pay to plaintiff the balance of $306.00, and thereafter the said Griffith, at the request and upon direction of this plaintiff, assigned said certificate of purchase to the defendant; that in pursuance of said agreement and arrangement between plaintiff and defendant, defendant had paid plaintiff the sum of $50.00 on account of the purchase of said certificate and there is now a balance due of $256.00, with interest thereon from the first day of October, 1901, at 8 per cent. per annum, as set forth in the complaint, and the above

and foregoing constitutes the transaction between plaintiff and defendant and none other as to the sale of said real estate.''

The reply admits the payment by defendant to Beckwith of $50, and also that the same was made by defendant on account of the purchase of the real estate, and denies the payment of $10 to McCallum.

A jury trial resulted in a verdict in favor of plaintiff, on the first count, in the sum of $305.60.

A motion for a new trial having been overruled, judgment was rendered in favor of plaintiff for the above sum, to reverse which is this appeal.

At the close of the evidence, defendant moved an instructed verdict, which was denied.

The errors assigned and discussed by counsel for appellant are those based upon (1) the ruling of the court upon the motion for an instructed verdict; (2) the admission of the testimony of Griffith as to the transactions between himself and appellee, in support of the allegations of the replication in that behalf; (3) the refusal to instruct the jury that before they could find for plaintiff, they must believe from the evidence that plaintiff not only negotiated the sale, but conveyed the property to defendant, and that a sale and conveyance by Griffith did not support the claim of a sale and conveyance by defendant; and, (4) instructions to the jury to the effect, that if they found from the evidence the issue presented by the reply in favor of defendant, the verdict must be in plaintiff's favor.

The argument in support of the error assigned, upon the denial of the motion to instruct the jury, proceeds upon the theory that there was a fatal variance between the allegations of the complaint and the proof, and cites numerous authorities in support of the well settled rule that a variance between plaintiff's pleadings and proof, brought to the atten-

tion of the court in apt time, will defeat a recovery, unless the case be within some recognized exception.

The argument and the authorities cited are disposed of by a comparison of the reply with the complaint, which clearly indicates that the averments in the replication constitute a departure from the cause of action stated in the complaint.

Counsel for appellant, in another paragraph of their brief, state:

"That the reply was a departure from the complaint is beyond dispute."

Counsel for appellee concede this. A departure can only be taken advantage of by motion, demurrer, or otherwise, before the trial. This was not done.

By going to trial with the pleadings as they were, appellant waived any objection thereto upon this ground.—*Kannaugh v. Quartette Mining Co.,* 16 Colo. 341, 345; *Mills v. Hart,* 24 Colo. 505, 509; *Rocky Ford Canal, etc., Co. v. Simpson,* 5 Colo. App. 30, 34; *D. & R. G. R. R. Co. v. Cahill,* 8 Colo. App. 158, 164; *Johnson v. Cummings,* 12 Colo. App. 17; *Blyth v. People,* 16 Colo. App. 526, 530; *Woodward v. Woodward,* 33 Colo. 457.

It is said that the court should have directed a verdict for the reason that it appeared that appellee had no legal capacity to sell, and that whatever interest he had originated in fraud. The argument upon this proposition finds no support in the records in this case; there are no allegations in the pleadings of fraudulent conduct on the part of appellant, and no evidence in support of such contention in the record; the other heirs are not here seeking to enforce any rights they may have in the property, or charging appellant, as a trustee; nor is appellee complaining of the title which he acquired.

If it appeared from the pleadings in the case that plaintiff had no legal capacity to sue, such objec-

tion should have been raised by demurrer in the court below; and not having raised it in that manner, appellant will be deemed to have waived the same.—Sections 50 and 55 Mills' Ann. Code.

The testimony of the witness, Griffith, was competent and material in support of the issue presented by the replication, and no error was committed in admitting the same.

There was no error committed in refusing the instruction requested, as such instruction . practically withdrew from the consideration of the jury the issue presented by the replication, which was the main issue in the case, and in effect, was a request for an instructed verdict. The court did not err in giving the instructions objected to, as such instructions correctly presented to the jury the issue raised by the reply. There is no error in the record, and the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.