MARY HAIR ET AL. v. JOHN E. WOOD ET AL.

(Case No. 1155.)

1. HOMESTEAD.— The husband attempted to convey the homestead by deed in which the wife did not join. After his death she, as surviving wife and head of the family, instituted suit to recover the property, and on appeal to the supreme court a judgment which had been rendered against her was reversed, and judgment rendered canceling the deed and all conveyances under it. After the determination of that suit the children of the marriage, who were minors when the deed from the father was made, brought suit against one claiming under the father's deed, and who claimed also under a deed made by the mother after judgment in the supreme court to recover the land was rendered. Held,

(1) The judgment in the supreme court inured to the benefit of the children to the extent of the interest inherited from the father, as against all persons claiming under deeds canceled by that judgment.

(2) It was not necessary to make one purchasing during the pendency of the suit by the mother, and who claimed under the deed made by the father, a party. in order to conclude his rights by the judgment therein rendered.

(3) The homestead, being community property, was vested one-half in the wife and the other half in the children of the marriage.

(4) The children were entitled to the undivided half interest inherited from the father in the land constituting the homestead.

APPEAL from Falls. Tried below before the Hon. X. B. Saunders.

Appellants, as the children of Frank Barnes, deceased, instituted this suit against appellees March 1, 1876, to recover their interest in the land described in the petition. In 1866 Frank Barnes and his wife, Elmira Barnes, together with the appellants, their two minor children, occupied the property in controversy as their homestead. It was the community property of Frank and Elmira Barnes. Frank Barnes conveyed the same to Oakes during that year; his wife, Elmira, did not join in the deed. July 20, 1867, Oakes conveyed it to Mary Hazlewood. April 28, 1869, she conveyed to Scogin, he conveyed to Bledsoe in 1872, and Bledsoe conveyed to John E. Wood the same year. July, 1871, after the death of her.

husband, Elmira Barnes brought suit against Scogin to recover the property and to have the above mentioned deeds canceled, etc., on the ground that her husband's conveyance was without her consent. The district court decided against her, and an appeal was taken to the supreme court, where, on the 14th day of October, 1873, that court reversed the judgment of the district court, and rendered judgment in her favor for the land, and adjudged that the conveyance from Frank Barnes to Oakes and those claiming under him be canceled and held for naught. After the rendition of that judgment, Elmira Barnes, as appears from the record, conveyed the land to Scogin.

The case was tried before the court without a jury, and the court rendered a judgment in favor of the appellants for an undivided half interest in the property in controversy. Upon motion of appellees that judgment was set aside, and the cause again tried without a jury, and judgment was rendered against appellants, that they take nothing, etc., and for costs, from which this appeal was taken.

Several errors were assigned, among them that the judgment in favor of appellees and against appellants is contrary to the law and the evidence.

*J. L. Scott*, for appellants.

[No brief for appellee has reached the Reporter.]

WATTS, J. COM. APP.— In the suit of Elmira Barnes *v.* Scogin *et al.*, Mrs. Barnes sued as the surviving wife of Frank Barnes, deceased, and as the head of a family consisting of herself and her two minor children, the appellants in this case. It would seem that they were represented in that suit by their mother, and that her recovery would inure to their benefit, to the extent of their rights in the subject matter of the litigation, and in my opinion the court erred in holding the contrary.

Appellee John E. Wood purchased the property pending that suit. It was not necessary to make him a party defendant; the judgment therein rendered against Scogin as effectually bound him as if he had been made a party defendant in the suit. Punchard *v.* Delk, 55 Tex., 305; Burford *v.* Rosenfield, 37 Tex., 42; Briscoe *v.* Bronaugh, 1 Tex., 326.

Without undertaking to determine whether or not the judgment rendered by the supreme court in the case of Elmira Barnes *v.* Scogin was in all things correct, it is sufficient for the purpose of

this case that the court had jurisdiction of that case, and that there is nothing disclosed by the record that would warrant the conclusion that the judgment was void.

On the contrary, it must be considered as a final, definitive and subsisting judgment of a court of competent jurisdiction, binding alike upon the parties and those in privity with them.

Under the decisions of the supreme court, the conveyance of the homestead by the husband without the consent of the wife was, as to her, inoperative, but that she alone could assert her rights against such a conveyance. Here, after the death of her husband, the wife asserted that the conveyance was invalid, and sought to have it, as well as the subsequent conveyances, canceled and held for naught. By the judgment of the supreme court, these conveyances were canceled and held for naught. Considering this judgment, whether erroneous or not, as binding upon the parties and their privies, which it certainly is, then the question arises as to its effect upon the parties to this litigation. In my opinion, after the judgment of the supreme court, these conveyances must be considered and held void for all purposes and to all persons. That no right to or interest in the land could be asserted under them by the vendee of the husband or those claiming under him. For all legal purposes the matter must be considered in precisely the same way as if such conveyances had never been executed. Thus considered, this community property was vested one-half in the surviving wife and the other half in the appellants.

It is not claimed that any fact or circumstance existed to authorize the surviving wife to convey the interest of the children in the property, if they had any, and no such fact or circumstance is shown by the record.

As was justly remarked in Johnson v. Harrison, 48 Tex., 257, as to community property, the interest of the survivor and that of the children is the same— each one-half of the remainder. The legal title is in the survivor and the children; and that the power of the survivor to sell is dependent upon the existence of some claim against the community; and whoever purchases from such survivor must see to it that the facts exist which authorize the sale.

From the facts and circumstances of this case, I conclude that the appellants are entitled to recover an undivided half interest in the land sued for, and that the judgment of the court below ought to be reversed, and that the supreme court should now render such judgment as ought to have been rendered by the court below; that is, that the appellants have and recover of and from the appellees

an undivided one-half interest in and to the property described in the petition; and that appellees be adjudged to pay the costs of suit as well as the costs of this appeal.

REVERSED AND RENDERED.

[Opinion approved November 18, 1882.]