PEOPLE EX REL. DARBY, PETITIONER, v. DISTRICT COURT OF EL PASO COUNTY, RESPONDENT.

| 19 | 343 |
| 21 | 254 |
| 19 | 343 |
| f26 | 519 |

1. INJUNCTIONS.
A person who has actual notice of an injunctive order violates it at his peril.
2. NOTICE OF LIS PENDENS.
Although section 277 of the Civil Code with reference to filing notice of the pendency of actions applies to the action of ejectment, adverse proceedings under the acts of Congress are not affected thereby.
3. MINING CLAIMS.
A purchaser *pendente lite* of the premises in controversy in an adverse suit is bound by the result of the litigation.
4. INJUNCTION—VIOLATION OF.
Section 149 of the Civil Code has reference only to proceedings before a judge at chambers for the violation of a writ of injunction, and has no application to contempt proceedings by the court when regularly convened for the transaction of business.

*Original Application for a Writ of Certiorari and Prohibition.*

PETITIONER was adjudged guilty of contempt in the court

below and sentenced to pay a fine of $25.00, and costs, and to stand committed until the same should be fully paid. Afterwards the execution of this sentence was stayed for a brief period, and this application presented.

The contempt for which judgment was entered consisted in the alleged violation of certain writs of injunction issued in actions then pending. This proceeding was instituted by the filing of an affidavit as follows :

" The People etc. v. Thomas L. Darby and —— Bradford.

" Samuel S. Bernard being duly sworn on oath says, that heretofore an injunction was issued out of said court in a certain suit wherein Samuel McDonald and others were plaintiffs and the Elkton Mining and Milling Company was defendant; and also another injunction in a certain other suit wherein Thos. L. Cathcart was plaintiff and said company defendant ; and also another injunction in a certain other suit in said court wherein Hull and others were plaintiffs and said company defendant; that each of said injunctions was issued on behalf of said company restraining the plaintiffs in each of said cases, their agents and employees and all persons acting for them and all persons claiming under any contract or agreement into which the plaintiffs or any of them after commencement of said suits and all persons in privity with said plaintiffs or any of them, from removing and from mining and selling any of the ores or minerals of or within the boundaries of the Walter lode mining claim in Cripple Creek mining district in the county of El Paso and from disposing of any of said ores already mined or the proceeds thereof.

" *Deponent says that defendant Darby was present in court and had full knowledge of the granting of said injunctions and that defendants have, as deponent is informed and believes, full knowledge of the issuance thereof ; that said injunctions are still in force.*

" Upon information and belief, deponent says that each of said defendants claim the right to work, mine and remove

ores of said Walter lode under some agreement made between them and plaintiffs since the commencement of each of said suits, and that whatever rights said defendants have in or to the ores of said Walter lode, have been acquired since the commencement of said suits.

"Deponent further says, that a large force of men have been since the issuance of said writs of injunction, and still are as deponent is informed and believes, engaged in mining and removing the valuable minerals from said Walter lode, under and by direction of defendants, the property of defendant company; that at the time of granting of said injunctions and the issuance of said writs there was already mined and in transit to mills or smelters large quantities of said Walter ores and minerals, and that said defendants have since that time, and after full knowledge of said injunctions disposed of such ores and the proceeds thereof.

"Wherefore deponent says that defendants are guilty of a violation of said injunction, contrary to the laws and the statutes, and against the peace and dignity of the people of the state of Colorado.

"Deponent says that he is secretary of said mining company, a corporation, and prays that defendants be required to show cause why they should not be punished for contempt, for violation of said injunctions."

The defendant, after service upon him, appeared and moved to quash the citation. This motion was overruled, answer filed and proofs taken, upon which the defendant was adjudged guilty of contempt as charged.

Messrs. FLEMING & MARSHALL, for plaintiff in error.

No appearance for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Did the district court exceed its jurisdiction in the contempt proceedings? This is the only question presented for

consideration upon this application. Undoubtedly that court had jurisdiction of the adverse proceedings in which the writs of injunction were issued, and the court being one of general jurisdiction we must assume in this proceeding that the injunctions were in all respects regularly and properly issued, nothing to the contrary appearing.

The injunctions restrained the plaintiffs, " their agents and employees and all persons acting for them and all persons claiming under any contract or agreement into which the plaintiffs or any of them after commencement of said suits and all persons in privity with said plaintiffs or any of them, from removing and from mining and selling any of the ores or minerals of or within the boundaries of the Walter lode mining claim in Cripple Creek mining district in the county of El Paso and from disposing of any of said ores already mined or the proceeds thereof."

That the petitioner violated the terms of these injunctions is admitted. His defense is based upon an alleged purchase of the property after the commencement of suit, but before any affirmative relief had been asked by the defendant. It is sufficient for the purposes of this application to know that he was included within the very terms of the restraining orders; that he was present in court and had full knowledge of the nature and extent of those orders. If he had any reason to believe the mandate too broad he should have taken steps to have had the same modified. In any event, it was his duty to implicitly obey. He violated it at his peril and can now look only to the court out of which the injunction issued, for relief.

It is claimed that petitioner cannot be bound by the proceedings in the adverse cases in the absence of a filing of a notice of *lis pendens*. While it is true that by section 277 of the Code of 1887, the filing of such a notice is made applicable to actions for the possession of real property, this cannot affect the result in adverse proceedings under the acts of Congress.

The defendant having applied for a patent at the proper

land office, and legal notice of such application having been given and proof thereof made, all adverse claimants were required to file their claims to the territory covered by such application in order that their rights may be preserved. It is also necessary for such adverse claimants to commence proceedings in a court of competent jurisdiction within thirty days thereafter, to determine the right of possession to the property in controversy, and prosecute the same with reasonable diligence to final judgment, and a failure to to do must be taken as a waiver of such adverse claims. And it is made the duty of the land department to be governed by the final judgment in such cases, and to issue a patent accordingly. Revised Stat. U. S., 2325, 2326.

Petitioner purchased during the pendency of the adverse suits, after the application for a patent to the property had been made, and at a time when it was too late to file any new adverse. Unless he took the property subject to the rights of the parties *in litigation*, *he has no claim thereto.* In *Hunt v. Eureka Gulch M. Co.*, 14 Colo. 451, the following language of Mr. Justice Brewer is quoted with approval upon page 455:—" Publication of notice is process bringing all adverse claimants into court, and, if no adverse claims are presented, it is conclusively presumed that none exist, and that no third parties have any rights or equities in the land."

This is the settled doctrine of both the land department and the courts, and it necessarily follows that the conclusive effect of the judgment in this class of cases is in no way dependent upon the filing of a notice of *lis pendens.*

It is contended that the judgment in the contempt proceedings was premature, and that the court had no power to render the same at the time at which it was rendered. In support of this contention section 149 of the Civil Code of 1887 is relied upon. This section has reference solely to proceedings before a judge at chambers for the violation of a writ of injunction and has no application to this case.

These proceedings were all had and done by the court when regularly convened for the transaction of business. The

court was as fully empowered to enter a final judgment at the term then pending as it could have been at the next or any succeeding term.

The petitioner's application will be denied.

*Writ denied.*