[No. 1542.]

## F. AHLERS, GEORGE M. DYER AND D. T. WALLACE, PLAINTIFFS, v. J. P. THOMAS, B. TOOLE AND HENRY BOWERS, DEFENDANTS.

INJUNCTION—PERSONS SUBJECT TO—PARTIES—GRANTEE. The grantee of one who has been enjoined from diverting the waters of a stream connected with his land is bound by the injunction, though he was not a party to the suit in which it was ordered.

JUDGMENT—WHO BOUND BY—PRIVIES. A judgment is binding upon the parties to a suit and all persons whom they represent and claim under them, or as privy to them.

PRIVITY—HOW CLASSIFIED. By privity is meant the mutual or successive relationship to the rights of property, and privity is classified according to the manner of the relationship into privity in estate, privity in blood, and privity in law, in all of which there is an identity of interest.

CERTIORARI—JURISDICTION. The question of the jurisdiction of the court is the limit of the inquiry upon certiorari.

COSTS—IN SPECIAL PROCEEDINGS—CONTEMPT. Gen. Stats. 3496, allowing costs to the prevailing party in a special proceeding in the nature of an action, applies to contempt proceedings to enforce a judgment.

IN the matter of contempt of court charged against P. Walsh, in the District Court in and for Lander county, in the case of F. Ahlers and others against J. P. Thomas and others. The contemner was found guilty, and he brings *certiorari* to review the proceeding. Writ dismissed.

The facts sufficiently appear in the opinion.

*Henry Mayenbaum*, for Petitioner.

*P. M. Bowler, Jr., contra.*

By the Court, BELKNAP, J.:

The record of the District Court of the Third Judicial District in the above-entitled case has been certified to this court in obedience to a writ of *certiorari* issued upon the petition of P. Walsh, claiming that that court exceeded its jurisdiction in adjudging him guilty of contempt of its decree.

The record contains an affidavit of D. T. Wallace, upon

which the proceedings for contempt were instituted. It shows that affiant is one of the plaintiffs in that suit; that it was a controversy concerning the right to the use of the waters of a certain stream called "Cottonwood Cañon creek" for the purpose of irrigation; that a decree was entered and recorded June 3, 1882, enjoining defendants and their grantees and successors from diverting any of the waters of the stream; that two of the defendants, to wit, B. Toole and J. P. Thomas, have conveyed their interest in the land and water to P. Walsh, who is the petitioner above named, and whatever rights Walsh has in the premises are predicated upon his succession as grantee of the above-named persons, and not otherwise; that Walsh, conspiring with others, has wrongfully diverted the waters of the stream, to the injury of plaintiffs, and in contempt of the decree.

Upon the hearing oral and documentary evidence was introduced, and the district court filed written findings of fact supporting its conclusions, and entered an order adjudging petitioner guilty of contempt of its decree, and fined him $100. Costs taxed at $115 10 were directed to be paid by the petitioner to the plaintiff and F. M. McMahon, one of the plaintiffs' grantees.

Counsel for petitioner urge that the district court did not have jurisdiction of the petitioner: First, because he was not a party to the suit; second, that the decree enjoins grantees, etc., but, as it appears from the record that the decree was rendered by default, and that the prayer to the complaint omitted to ask for relief against grantees, the relief given in this respect should be disregarded and held void. The general rule is that judgments are binding only upon parties, but there are exceptions as in the case of privies.

"When a judgment has been rendered between the parties, they are bound by it; and, to give full effect to the principle by which the parties are held bound by it, all persons who are represented by the parties, and claim under them, or are privy to them, are equally concluded by the same proceedings. By 'privity' is meant the mutual or successive relationship to the rights of property; and privies are classified according to the manner of this relationship. They are privies in estate, as donor and donee, lessor and lessee, and

joint tenants; privies in blood, as heir and ancestor, and coparceners; privies in representation, as testator and excutor, administrator and intestate; privies in law, as where the law without privity of blood or estate casts land upon another, as by escheat. But all these kinds of privity are reduced to three, namely, privity in estate, privity in blood, and privity in law. The reason why persons standing in this relation to the litigating party are bound by the proceedings to which he is a party is that they are identified with him in interest; and, whenever this identity exists, all are alike concluded. Privies are therefore estopped from litigating that which is conclusive upon him with whom they are in privity." (3 Bouvier's Institutes, p. 373–4.)

In a foot-note to Beach on Injunctions (p. 174) it is said: " It is a well-settled general rule that the court has no right to grant an injunction against a person who is not a party to the suit. The exceptions to this rule consist either of cases where the party enjoined is the mere solicitor or agent or tenant of a party to the suit, having no rights involved in the controversy, or where the right has been already determined." (*Schalk* v. *Schmidt*, (1862) 14 N. J. Eq. 268.) See, also, Freeman on Judgments (4th ed.), 162; *Coles* v. *Allen*, 64 Ala. 98; *Adams County* v. *Graves*, 75 Iowa, 643; *Stoutimore* v. *Clark*, 70 Mo. 478; *Hair* v. *Wood*, 58 Tex. 79; *Lipscomb* v. *Postell*, 77 Am. Dec. 652; *Hunt* v. *Haven*, 52 N. H. 169; *Casamajor* v. *Stude*, 1 Sim. & Stuart, 381.

It is claimed that Walsh is not a privy because, it is said, he does not claim rights to the use of the water through any conveyance by defendants, but through a subsequent right by appropriation.

The affidavit of Mr. Wallace shows that Walsh acquired his interest from Toole and Thomas, defendants, and not otherwise. This evidence, and other of like nature, shows that Walsh was in privity with the parties to the judgment.

Without considering in this proceeding the correctness of the conclusion reached by the district court upon this point in connection with testimony introduced by petitioner, it is certain that it is sufficient to establish the jurisdiction of the court, and that is the limit of the inquiry upon *certiorari.* (*Phillips* v. *Welch*, 12 Nev. 170.)

It is also claimed that the court exceeded its jurisdiction in taxing the costs against the contemner. The provisions of the civil practice act concerning costs (Gen. Stats. 3496, *et seq.*) apply to proceedings of contempt to enforce the execution of a judgment.

In Rapalje on Contempt it is said, at page 132, " When the proceeding arises out of the disobedience of an order or decree in a civil suit, and is prosecuted between the parties to the suit, costs are generally awarded to the prevailing party, the same as in other civil proceedings. See authorities cited in 4 Ency. Pl. & Prac. p. 806.

It is ordered that the writ be dismissed.