THE STATE OF KANSAS, *ex rel. Frank T. Knittle, as County Attorney, etc., Appellee,* v. NINA WILL, *Appellant.*

No. 17,789.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

INJUNCTION—*Binding on Whom—Privies.* An injunction against the owner of property is not only binding upon him but also upon those who may take or hold under him, whether by grant, lease, or otherwise.

Appeal from Saline district court. Opinion denying a rehearing, filed February 10, 1912. (For original opinion see *ante,* p. 197, 119 Pac. 379.) ·

*C. W. Burch,* and *B. I. Litowich,* for the appellant.
*Frank T. Knittle,* and *H. C. Tobey,* for the appellee.

*Per Curiam:* In the petition for rehearing it is insisted that the judgment against P. B. Will, which was valid, is binding upon appellant. It is conceded that

36—86 KAN.

the decision holding the original judgment void as to appellant is correct. An injunction against the owner of property is not only binding upon him but also upon those who may take or hold under him. It is, in one sense, an incumbrance on the property, and the owner who has been enjoined can not, by transferring it to another, by grant, lease or otherwise, free it from the limitation imposed by the injunction. (*The State v. Porter,* 76 Kan. 411, 91 Pac. 1073.) If P. B. Will had been the owner of the property and appellant was a grantee of his, or had been holding under him as a tenant, or otherwise, she would be deemed to have had notice and to take and hold the property subject to the injunction, and the rule of the Porter case would apply. Appellant herself owned the property and the judgment as to her is conceded to be void. She is not enjoined and is not holding under any one that was enjoined. The judgment against P. B. Will does not affect her and she can not be punished for contempt unless she has violated the injunction.

The rehearing is denied.