**RODMAN et al. v. ROGERS et al.**

No. 7976.

Circuit Court of Appeals, Sixth Circuit.

Feb. 8, 1940.

Thomas W. Beale, of Louisville, Ky. (Eli H. Brown, Jr., of Louisville, Ky., on the brief), for appellants.

A. C. Van Winkle, of Louisville, Ky. (Allen P. Dodd, of Louisville, Ky., on the brief), for appellees.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

This is an appeal from an order of the District Court dismissing appellants' petition on the ground that an earlier decision by a Kentucky court was an adjudication of all the rights of the parties hereto. In November, 1936, Joseph H. Gibson and eleven other property owners brought suit in the Circuit Court of Jefferson County, Kentucky, against Ralph Rogers, doing business as the Louisville Crushed Stone Company, to restrain him from injuring their property by shooting blasts of dynamite or other explosives in the operation of his limestone quarry. Each of the plaintiffs in that suit resided within one thousand feet of the quarry. An injunction issued permanently restraining Rogers from discharging blasts of any explosive that would

injure the property of any of the plaintiffs or interfere with the comfortable and reasonable enjoyment of their homes, and that injunction was sustained by the Court of Appeals of Kentucky. See Rogers v. Gibson, et al., 267 Ky. 32, 101 S.W.2d 200.

In March, 1937, the same plaintiffs filed a motion in the same court alleging that Rogers had violated the injunction. The court held otherwise, and in due time that decision was affirmed. See Gibson v. Rogers, 270 Ky. 159, 109 S.W.2d 402.

On April 17, 1937, Rogers moved the appointment of a commissioner to go upon his quarry property, observe the loading of all blasts, and particularly the amount of explosive used in each, and the time of shooting it. This motion was opposed by the plaintiffs in the former proceedings, but the court appointed one Edward P. Voll as commissioner and directed him to make bi-weekly reports upon his observations. His appointment is still in effect, and he has rendered detailed reports as ordered.

In May, 1937, Rogers incorporated under the law of Delaware as The Louisville Crushed Stone Company, Inc.

The plaintiffs herein, a different set of property owners, filed this suit on July 28, 1938. All of them live in the vicinity of appellee's quarry, not nearer than 3,700 feet thereto and northeasterly thereof, instead of southwesterly, as did the plaintiffs in the suit in the state court. They allege herein a continuance of explosions and the same types of consequent injury as were alleged in the first suit. In addition, they allege injury in several respects resulting from the clouds of dust and noise with which the air is filled in consequence of the operation of a rock crusher, a metal screen for sorting the crushed rock, a mechanical loading device and trucks. But they allege that "during all of said times"—from the beginning of the quarry operations to the filing of the bill—these devices have been operated with the injurious consequences aforesaid; and they prayed that appellees be permanently enjoined from so injuring their property.

The District Court sustained appellees' plea that the judgment in the state court was res judicata as to all matters alleged by appellants.

Appellants contend that there is no such identity of parties or cause of action as will support the District Court's order.

With this contention we cannot agree.

When one succeeds to the interest of another against whom an injunction has issued and has knowledge of the terms of the injunction, he is as much bound by it as was the other against whom it issued. State v. Will, 86 Kan. 561, 121 P. 362; Cf. Rivera et al. v. Lawton, 1 Cir., 35 F.2d 823; G. & C. Merriam Co. v. Saalfield, 6 Cir., 190 F. 927; Zip Mfg. Co. v. Pep Mfg. Co., 6 Cir., 27 F.2d 219. Hence, Rogers' incorporation as The Louisville Crushed Stone Company, Inc., and the transfer of his quarry property are of no consequence insofar as the issue of res judicata is concerned. The corporation is bound by the injunction to the same extent as is Rogers.

Nor is it of consequence, as contended by appellants, that none of the nominal parties plaintiff in the first suit is a plaintiff herein. When property owners are similarly injured by a nuisance, they constitute a class, and, if one or more of them is designated to act for the class in bringing a suit to abate the nuisance, a judgment rendered therein is binding upon the class. Smith v. Swormstedt, 16 How. 288, 14 L.Ed. 942; McIntosh v. City of Pittsburg, C.C., 112 F. 705. Cf. Barrett v. Vreeland, 168 Ky. 171, 182 S.W. 605. Appellees alleged in their plea in abatement that appellants herein conferred with and selected the plaintiffs in the first suit because their properties were nearest to the quarry, and they further allege that appellants assisted and supported plaintiffs in the maintenance of the first suit. These facts being undenied and only their legal sufficiency questioned, we conclude that appellants' interests were adjudicated in the first suit. See Hopkins v. Jones, 193 Ky. 281, 235 S.W. 754.

But appellants urge that the complaint and injunction in the first suit were limited to blasting and the consequent injuries to their properties, such as the cracking of plastering, foundations and sidewalks, and such vibration or shaking of their homes as interfered with the comfortable or reasonable enjoyment thereof, whereas the complaint in this suit adds to the foregoing the operation of the rock crusher, screening and loading devices and trucks, with such consequent filling of the air with dust and noise as injures their property and interferes unreasonably with its comfortable enjoyment. Not only do appellants not claim that the operation of these devices is new, but they allege that from the beginning these devices have been thus operated to their injury; they merely

add here the annoyances of dust and noise, which could have been included in the first suit.

One may not split a cause of action and bring separate suits upon its parts; a judgment is res judicata not only as to such elements of a cause of action as were actually litigated but as to those which might have been determined as well. Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Davis, Trustee v. Mabee, 6 Cir., 32 F.2d 502; Nolan v. City of Owensboro, 6 Cir., 75 F.2d 375; Dern v. Tanner, 9 Cir., 96 F.2d 401; Brunn v. Hansen, 9 Cir., 103 F.2d 685. Cf. United States v. California & Oregon Land Co., 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476.

Appellants have argued that, because the judgment of the Kentucky court was in personam, as distinguished from in rem, the federal court was not precluded from taking jurisdiction in this case, and appellees have contended that the state court acquired jurisdiction of the res by the appointment of its special commissioner to report upon appellee's blasting operations.

It is unnecessary to consider either of these contentions, since the doctrine of res judicata is applicable and controlling whether the judgment in the first case was in personam or in rem.

The order of the District Court is affirmed.