**Autherine J. LUCY et al., Plaintiffs,**

v.

**William F. ADAMS et al., Defendants.**

**Civ. A. No. 652.**

United States District Court
N. D. Alabama, W. D.

May 16, 1963.

Arthur D. Shores, Birmingham, Ala., and Constance Baker Motley, New York City, for plaintiffs.

Andrew Thomas, of Moore, Thomas, Taliaferro, Forman & Burr, Birmingham, Ala., for defendants.

GROOMS, District Judge.

This matter came on for hearing at this time upon the request of petitioner, Hubert E. Mate, in his capacity as Dean of Admissions of the University of Alabama, for construction of the present efficacy of the judgment rendered in this cause on July 1, 1955, wherein it was decreed as follows:

"1. That the defendant, William F. Adams, his servants, agents, assistants and employees, and those who might aid, abet, and act in concert with him, are hereby permanently enjoined and restrained from denying the plaintiffs and others similarly situated the right to enroll in the University of Alabama and pursue courses of study thereat, solely on account of their race or color."

William F. Adams, who was the Dean of Admissions of the University of Alabama, resigned effective February 3, 1961. Since the first day of October, 1961, petitioner, Hubert E. Mate, has occupied the position of Dean of Admissions of the University of Alabama.

Rule 65(d), Federal Rules of Civil Procedure, provides that an injunction

"is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Amended Rule 25(d), (1) and (2), effective July 19, 1961, provides as follows:

"(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

"(2) When a public officer sues or is sued in his official capacity, he may be described as a party by his official title rather than by name; but the court may require his name to be added," [1]

1. The Annotator comments as follows respecting the amended rule:

"Where the successor does not intend to pursue the policy of his predecessor which gave rise to the lawsuit, it will be open to him, after substitution, as plaintiff to seek voluntary dismissal of the action, or as defendant to seek to have the action dismissed as moot or to take other appropriate steps to avert a judgment or decree. Contract Ex parte La Prade, (289 U.S. 444 [53 S.Ct. 682, 77 L.Ed. 1311]); Allen v. Regents of the University System, 304 U.S. 439, [58 S.Ct. 980, 82 L.Ed. 1448] (1938); McGrath v. National Assn. of Mfgrs., 344 U.S. 804 [73 S.Ct. 31, 97 L.Ed. 627] (1952); Danenberg v. Cohen, 213 F.2d 944 (7 Cir. 1954).

\* \* \* \* \*

"Subdivision (d) (2). This provision, applicable in 'official capacity' cases as described above, will encourge the use of the official title without any mention

of the officer individually, thereby recognizing the intrinsic character of the action and helping to eliminate concern with the problem of substitution. If for any reason it seems desirable to add the individual's name, this may be done upon motion or on the court's initiative; thereafter the procedure of amended Rule 25 (d) (1) will apply if the individual named ceases to hold office.

"For examples of naming the office or title rather than the office holder, see Annot., 102 A.L.R. 493, 948–52; Comment, 50 Mich.L.Rev. 443, 450 (1952); cf. 26 U.S.C. § 7484. Where an action is brought by or against a board or agency with continuity of existence, it has been often decided that there is no need to name the individual members and substitution is unnecessary when the personnel changes. 4 Moore's Federal Practice, par. 2509, p. 536. The practice encouraged by amended Rule 25(d) (1) is similar.

It is the general rule "that one who succeeds to the interest of a party to whom the injunction is directed and who has notice of the injunction, is bound by the judgment and punishable for contempt for disobedience." 43 C.J.S. Injunctions § 263d, page 1013. The author of the statement is supported by the following authorities: Rivera v. Lawton, 1 Cir., 35 F.2d 823; State ex rel. Mungas v. District Court et al., 102 Mont. 533, 59 P.2d 71; State ex rel. Tague v. District Court, 100 Mont. 383, 47 P.2d 649; Skinner v. Ashford, 131 Neb. 338, 268 N.W. 81; Ex parte Dillon, Mo.App., 96 S.W.2d 1095; Hudkins v. Arkansas State Board of Optometrists, 208 Ark. 577, 187 S.W. 2d 538; Engel Sheet Metal Equipment, Inc. v. Shewman, Mo.App., 307 S.W.2d 694.

The early decisions are to like effect. 32 C.J. Injunctions, § 845, Footnote 98, page 490. The earlier statement sustaining the text last referred to are as follows: G. & C. Merriam Co. v. Saalfield, 6 Cir., 190 F. 927; Lake v. Kern County Super. Ct., 165 Cal. 182, 131 P. 371; People v. El Paso County District Court, 19 Colo. 343, 35 P. 731; State v. Will, 86 Kan. 561, 121 P. 362; Schumacher v. Shawhan Distillery Co., 178 Mo.App. 361, 165 S.W. 1142; State v. Ninth Judicial District Court, 34 Mont. 258, 86 P. 798; and Ahlers v. Thomas, 24 Nev. 407, 56 P. 93.

The question was directly decided by Judge Dawkins for the Supreme Court of Louisiana, in the case of Crucia v. Behrman, 147 La. 144, 84 So. 525. In that case, the Court had issued an injunction against the Mayor of New Orleans and the Police Inspector Mooney enjoining them from interfering with the plaintiff in holding musical performances in his restaurant. Mooney was succeeded by Inspector Boyle, who caused the plaintiff to be arrested for acts which had been covered by the injunction. Boyle was not connected with the police department when the writ was issued and had never been made a party to the suit. The Court discharged him from a rule for contempt. Upon review, the Supreme Court said:

"* * * It cannot be, in granting injunctive relief in a matter of this sort, that it is necessary to make every member of the police department a party defendant, in order that they may be held responsible for a violation of such a writ. In such cases the writ runs against the office, and embraces all who are charged with the execution of its functions and the official acts sought to be prohibited, whether by the present incumbent or others who may succeed to such duties; and they are guilty of contempt if they have knowledge of the existence of such writ. High on Injunctions (4th Ed.) vol. 2, p. 1453, § 1443. Otherwise, by the mere changing or shifting of individuals, such writs could be violated with impunity and the court's orders rendered nugatory. The case is quite different from one in which private individuals have been enjoined from doing private acts, and in which it has been held that only those made parties defendant and served with process were liable for violation of a writ.

"The respondent inspector admits that he was informed by the counsel for plaintiff of the existence of the injunction, but says that he cannot take notice of such information, because if he did the work of his office would be seriously handicapped by the many assertions and contentions of counsel for accused persons with whom his department deals. This is doubtless true in ordinary cases. However, in the instant case the existence of *the writ,* held in force by the suspensive appeal, *was a matter of public record, which could easily have been verified by applying either to the civil district court or by communicating with the counsel for the city."* (Emphasis supplied.)

In Chanel Industries, Inc. v. Pierre Marche, Inc., E.D.Mo., 199 F.Supp. 748, at 753, it was stated:

"Successors and assigns, not parties to the enforcement order, may become part of it and subject to its prohibitions when they become instrumentalities by which parties-defendant seek to escape and thereby be in active concert or participation in the violation of the injunction. Federal Practice and Procedure, Vol. III, p. 502; Regal Knitwear Co. v. N. L. R. B., supra [(1945) 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661]."

■ There appears to be no question as to petitioner's knowledge of the writ issued in this case. The Court is, therefore, of the opinion that the injunction issued on July 1, 1955, is binding upon petitioner herein, in his capacity as Dean of Admissions of the University of Alabama, and upon all of those connected with the University who have knowledge of such decree.