## DERN v. TANNER.*
### No. 8712.

Circuit Court of Appeals, Ninth Circuit.
April 27, 1938.

John A. Shelton, of Butte, Mont., for appellants.

R. F. Gaines, of Butte, Mont., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

Appellants in this appeal were plaintiffs in the court below. Their complaint sets forth two causes of action, the first alleges their ownership of certain semiarid land and water rights situated in Madison county, Montana; that on the 1st day of October, 1926, they leased the said land and the said water rights to one L. E. Taylor for five years for an annual cash rental with the option to him to purchase the said land

*Rehearing denied June 3, 1938.

at any time within the five years for a price of $10,000. The complaint also alleges that the defendants interfered with plaintiffs' lessee in the use of said water rights in various ways resulting in damages to the land and crops with the result, as the said complaint states, "that by reason of the said acts of the defendants the said Taylor was prevented thereby from buying the said land under said option; that said Taylor would have exercised said option and purchased said land at the price of $10,000.00 on or prior to March 1, 1932 except for the said acts of defendants; that said land on March 1, 1932 was not worth to exceed $6,900.00 and plaintiffs by the sale of the same for $10,000.00 would have made a profit of $3,100.00 and because of the loss of the same they have suffered actual damages in that sum."

The second count realleges all matters relating to ownership of the land and water rights, the leasing of the same to Taylor, the interference of defendants with the use of water on the land, the damages to land and crops, the reduction of the value of their property. In this cause of action it is also alleged that the acts of the defendants were malicious and actual damages in the sum of $3,800 and the further sum of $3,100 as punitive damages are prayed for.

The defendants' answer, after making admissions as to plaintiffs' ownership and other matters, pleaded denials and special pleas, particularly, that both causes of action were barred by a judgment entered in the same court in an action between the same parties, involving the same subject matter. Attached to this answer as exhibits are the pleadings in the former suit and the orders of the court showing the disposition thereof. The statute of limitations also was pleaded.

In their reply appellants admit that true copies of the pleadings in the former suit between the same parties are attached to the amended answer herein as exhibits, admit that said action was tried by the court with a jury attending; that the plaintiffs offered evidence on their behalf, which said evidence was admitted and received by the court; that the defendants moved the court to direct a verdict in their favor; and that the court made an order directing a verdict in favor of the plaintiffs for the sum of $1, for which sum judgment was rendered.

The reply further alleges that the said judgment on its face purports to determine that the plaintiffs owned water rights that were wrongfully interfered with by the defendants, which resulted in injury to the said land of the plaintiffs, and judgment was awarded plaintiffs in the sum of $1 because, as specifically stated therein, the evidence on the part of the plaintiffs did not show what proportion of the whole amount of water available was wasted or assumed to have been wasted by the plaintiffs' lessee.

Thereafter a motion was made by appellees for judgment on the ground that it appears from the pleadings, records, and files of the court that with respect to the issues now presented plaintiffs have already had their day in court and that said issues have been adjudicated in a case in said District Court (bearing the file No. 743) between the same parties.

In passing on the motion the court said:

"It appears from a comparison of the pleadings in the former action,—Civil Cause No. 743, in the files of the Butte Division of this Court, entitled 'Louis Dern and Ada Dern, plaintiffs, vs. Charles B. Tanner, Fred Seidensticker, and A. R. Smith, co-partners as Tanner, Seidensticker, and Smith, Defendants,' and the pleadings in the instant case that the causes of action presented for trial, tried and finally determined there and presented for consideration here are the same.. * * * [Statutes and cases cited]

"It is obvious that the plaintiffs in the former action and in the instant case are litigated for the same thing, under the same title, and in the same capacity and that all questions that can properly be litigated in the case at bar were or could have been litigated in the former case.

"It follows that the plaintiffs here having once had their day in court are precluded from proceeding further in this case. * * * [Statutes and cases cited]

"The necessary result is that it should be and it is hereby ordered:

"1. That defendants' motion for judgment on the pleadings herein should be and it is hereby granted;

"2. That judgment on the merits that plaintiffs take nothing by their action be entered of record and docketed herein; and

"3. That defendants do have and recover of and from the plaintiffs their costs and disbursements herein necessarily expended."

Thereupon the District Court entered judgment in favor of the appellees. From this judgment appellants appeal.

A comparison of the pleadings in the two cases shows that in each the appellants alleged ownership of the same semi-arid land and water rights; that they had leased the land and water rights to one L. E. Taylor, who was in possession thereof as their tenant during the years from 1928 to 1932, the full period involved in both cases; also that said Taylor had an option for the purchase of the land described, upon payment of $10,000 at any time prior to March 1, 1932. It is alleged in the pleadings of appellants in both cases that Taylor as tenant at the various times stated had endeavored to bring the water, to which they claimed a right, to the land for the purpose of irrigating and cultivating the same; that the efforts of Taylor were obstructed and interfered with by appellees, resulting in loss and damage to appellants. Among the damages alleged to have been suffered were damages to growing crops, loss of fertility of soil, reduction in productivity of the land, depreciation in its value, all due to defendants' wrongful interference with plaintiffs' rights.

It is true that in the first case no specific amount is claimed for loss of sale of the property to the tenant Taylor. That appellants were fully aware, at the time of the bringing of the first case, that such a cause of action existed appears from the reply filed by appellants to the answer of appellees in this first action wherein it is alleged "that during the period from March 1st, 1927 to March 1st, 1932, one L. E. Taylor held a lease upon the said property and an option to purchase the same and that he would have purchased the same and the plaintiffs would have realized a profit from the sale of the same but that the said L. E. Taylor suffered such severe losses in his crops because of wrongfully being deprived of water for irrigation by the defendants, as alleged in the complaint herein, that he was rendered unable financially to make the said purchase and the plaintiffs thereby lost the sale of the said property."

Appellants argue that the judgment in the first case is not res judicata, and in support of their position urge two contentions: (1) That in the first action no damages were claimed for the loss of the sale of the land to the tenant Taylor, which are asked for in this action; (2) that in any event the judgment in the first action was of dismissal or nonsuit and not on the merits, which under the statutes of Montana would constitute no bar to the bringing of a new suit for the same cause.

We first consider appellants' contention that no damages having been claimed for the failure of appellants' tenant Taylor to exercise his option of purchase through which they suffered a loss, that this cause of action is still available in a new case and is not barred by the former judgment.

In the pleadings in the first case the appellants set forth the facts that Taylor was their tenant, that he had the option to purchase the land during the lease at any time before March 1, 1932, that he failed to exercise this option, as it is alleged, because of the unlawful interference of the appellees with the water appurtenant to the land, and it is further alleged in this first case that by reason of this failure of Taylor to exercise his option appellants had suffered loss, although no definite amount was stated and no damages asked on that account.

These matters having transpired and having been specifically alleged in the first suit, appellants clearly had a right to make the demand for damages and litigate their claim in this first case had they seen fit so to do.

"As the ground just described was available but not put forward the appellant must abide the rule that a judgment upon the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end." Grubb v. Public Utilities Comm., 281 U.S. 470, 479, 50 S.Ct. 374, 378, 74 L.Ed. 972.

"A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. The mere multiplication of grounds of negligence alleged as causing the same injury does not result in multiplying the causes of action." Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069.

"The rule against splitting causes of actions applies, without regard to whether the cause of action is founded on con-

tract or tort, or both, in law and in equity, in probate proceedings, divorce proceedings, and to actions concerning real property. In actions at law, although it is not extended to cases not clearly within its application, it is strictly adhered to in cases coming within its application, even though in a particular case loss or hardship may result thereby to the party against whom it is enforced." 1 C.J.S. p. 1309, Actions, § 102(e).

There remains then the question, peculiar under the statutes of Montana, whether it appears that the case was decided on the merits.

Applicable parts of the statutes taken from the Revised Codes of Montana 1935, are printed in the margin.[1]

Appellants cite numerous authorities to the effect that a judgment of dismissal or nonsuit is no bar to a new action. These cases are not in point here, as there was no judgment of nonsuit or dismissal or any judgment in favor of defendants, but a judgment for plaintiffs.

In this connection the pleadings of the respective parties clearly state the facts. In their amended answer appellees, in pleading the bar of the previous judgment, allege:

"Defendants further allege that the action aforesaid was, by plaintiffs, asked to be tried and did duly and regularly come on for trial before the above styled court, with a jury in attendance; that upon the trial of said action plaintiffs offered evidence in support of their contentions as set forth by the pleadings aforesaid; that thereupon both plaintiffs and defendants announced that they rested their respective cases; that thereupon defendants moved the court to direct a verdict in their favor upon grounds and for the reasons that plaintiffs had failed to establish their causes of action as claimed and thereafter, following arguments of the aforesaid motion, the court denied the same in form as made, but ruled that plaintiffs had failed to disclose substantial damage and directed a verdict in favor of plaintiffs and against defendants for the sum of $1.00; that there-

after judgment in accordance with such verdict was duly and regularly given and entered. * * *"

In their reply to this answer and concerning the proceedings in the first action the appellants allege:

" * * * that the issue tried was whether or not the plaintiff's lands had been injured by reason of the acts of the defendants alleged; that said matter was determined upon the theory that the plaintiffs' lessee in the use of water in the irrigation of the said lands had wasted a portion of the said water, and there was no evidence to show the portion wasted, and there was therefore, insufficient evidence to enable the jury to determine the total amount of damage or injury due to the deprivation of the use of the water by the plaintiffs on account of the action of the defendants.

"Plaintiffs further allege that the judgment rendered in the said case specifically states and declares that it was rendered solely upon the ground that the evidence on the part of the plaintiff did not show what proportion of the whole amount of the water available was wasted or assumed to have been wasted by the plaintiffs' lessee; and the said judgment on its face does purport to determine that the plaintiffs owned a certain water right, and that the use of same was wrongfully interfered with by the defendants, and that such wrongful interference and use by the defendants resulted in injury to the said lands of the plaintiffs."

Many cases cited by appellants merely support the well-known rule that the dismissal of an action for plaintiff's failure to prove some necessary element of his case is not a bar to another action for the same cause. Other authorities from the Supreme Court of Montana are decisions in cases where, as required by statute, the judgment did not declare, and where it did not appear from the judgment roll, that the judgment was upon the merits. These are not in point because here the pleadings make it clear that the judgment roll in the first action shows the judgment in that case was on the merits. Where

---

[1] "9317. An action may be dismissed or a judgment of nonsuit entered in the following cases: * * *

"5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury."

"9318. In every case, other than those

mentioned in the last section, judgment must be rendered on the merits."

"9320. A final judgment dismissing the complaint, either before or after a trial, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon its merits.

plaintiff is defeated not merely because his evidence is insufficient to show a cause of action, but because it affirmatively shows as a matter of law that he is not entitled to recover, then the judgment entered is a bar to another action for the same cause. 34 C.J. § 1213, p. 794.

In this case the situation is not merely that the plaintiffs failed to prove a sufficient case for the jury, but that their evidence showed that the damages suffered by them were contributed to, or occasioned by, the fault or negligence of their own tenant to such a degree as to preclude appellants from recovering substantial damages from appellees for the injury complained of. A judgment entered by the court under these circumstances is a judgment on the merits of the controversy, and, as such, so long as it stands not vacated or reversed, is a bar to any subsequent action between the parties for the same cause of action.

There is wide distinction between a dismissal granted because of failure of proof and a judgment granted because the court finds in favor of defendant on the merits based on the evidence submitted by plaintiff. As to the conclusive effect of judgments rendered where the court has found for defendant on evidence presented by plaintiff, Freeman on Judgments, 5th Ed., supplies the following text:

Section 728: "As we have seen, the term 'merits' must be divorced from any necessary connection with the idea of a legally or morally correct judgment. If either party fails to present all his proofs, or improperly manages his case, or afterward discovers additional evidence in his behalf, or if the court finds contrary to the evidence, or misapplies the law,—in all these cases the judgment, until corrected or vacated in some appropriate manner, is as conclusive upon the parties as though it had settled their controversy in accordance with the principles of abstract justice. * * * And the discovery of new evidence, not in the power of the party at the former trial, forms no exception to the rule in relation to estoppels, whether the second action is at law or in equity." Page 1541.

Section 741: " * * * Where the case is submitted to the court or jury in such a way as to call for a determination of the issues between the parties, the resulting judgment is on the merits and bars a new action though it was based upon the failure or insufficiency of the plaintiff's proof." Page 1563.

Section 743. "While it has been said that a judgment entered upon a directed verdict may or may not be on the merits and a bar to a second action, depending on the grounds upon which the direction is made, generally such a judgment is regarded as being on the merits, differing in this respect from a non-suit. This is undoubtedly true where the ground of the direction is the insufficiency of the evidence to justify a verdict for the plaintiff." Page 1565.

Affirmed.