**ALB, Inc., Plaintiff,**

v.

**NOMA ELECTRIC CORPORATION, Defendant.**

United States District Court
S. D. New York.
Nov. 17, 1954.

Frederick P. Warfield, New York City, for plaintiff.

Morris Kirschstein, New York City, for defendant.

WALSH, District Judge.

The court states the basis for its determination as follows:

Of course, I am not overruling the Court of Appeals here or Judge Ryan, and, further, I am not disregarding the force of their conclusion. Even if I were not bound to follow, I would be persuaded by the discussion in their opinions. But I do not think the question here is what I believe to be the fact. The question here is what the plaintiff has proven to be the fact, and what I am holding is that the decision in the Raylite case has not eliminated the burden on the plaintiff to prove that the defendant's device is the equivalent of the Rosenblatt device; and neither does that opinion carry the force of proof in this case.

In other words, it does not supply the proof which the plaintiff is required to produce.

The Raylite case, as I recall it and understand it, concerns a comparison of the later Otis patent with the Rosenblatt patent—I mean with the prior art, including the Rosenblatt patent—to determine whether the later Otis patent was a valid patent. It did not concern in any way violation of the Rosenblatt patent. It was concerned with the question of whether Rosenblatt, along with any other person, could manufacture the device described in the later Otis patent. It was not concerned with whether Rosenblatt or his assignee had the exclusive right to manufacture such a device; and I do not think that a determination of the first question determines the second.

In other words, neither the Court of Appeals nor Judge Ryan in the Raylite case had before them the question of whether the defendant's present device, or even the question of whether the device contemplated in the later Otis patent, was the equivalent of any device described in the claims of the Rosenblatt patent. Nothing in the determination of that case established as a matter of law or as a matter of fact such equivalents.

Further, even if there was a finding of fact bearing on the question of equivalence, such a finding would not be binding on the parties or the Court in this case.

In other words, the defendant should have an opportunity to have the proof developed here in this case against him. There is no proof of equivalence in the case before me, and the equivalence is not evident to me from a mere reading of the patent and comparing it with the description of the defendant's device.

So I am dismissing the complaint.

I might add that I am not only acting because I believe I have a duty to dismiss

the complaint under those circumstances, even though my action may seem based on technical grounds; I think the defendant has a right to insist upon it, and he has moved to dismiss, and I grant his motion.

Further, I might add—this has no bearing on the determination, but it reassures me in taking action which might seem drastic, at least to the plaintiff, that the discussion of the background of this case, as I have gathered it from the briefs and from the openings of both counsel here, suggests that a narrow interpretation of the claims of the Rosenblatt patent would be necessitated in any event because of the prior action with respect to more extensive claims which that patent attempted to carry with it and which were eliminated.