**ALB, Inc., Plaintiff-Appellant,**

v.

**NOMA LITES, Inc., Defendant-Appellee.**

**No. 259, Docket 23915.**

United States Court of Appeals Second Circuit.

Argued Feb. 8, 1956.

Decided March 26, 1956.

Frederic P. Warfield, New York City (Harry Krauss, New York City, of counsel), for plaintiff-appellant.

Morris Kirschstein, New York City (David B. Kirschstein, New York City, of counsel), for defendant-appellee.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

On April 25, 1951, plaintiff sued Noma Electric Corporation for alleged infringement of plaintiff's Display Device Patent No. 2,278,383. The case was tried and the complaint dismissed on the merits, 130 F.Supp. 918, and we affirmed on March 18, 1955. Alb, Inc., v. Noma Electric Corp., 2 Cir., 222 F.2d 367. On January 23, 1953, while the action just described was pending, Noma Lites, Inc., the defendant-appellee herein, was incorporated as a wholly owned subsidiary of Noma Electric Corporation. A few weeks later, parent and subsidiary were severed by a "spin-off," and Noma Lites, Inc., with full knowledge of the pendency

of the prior action which had not yet come to trial, took over the old Decorative Lighting Division, lock, stock and barrel, and continued to operate the business of manufacturing and selling the alleged infringing device in precisely the same manner as had theretofore been done by the Decorative Lighting Division of Noma Electric Corporation.

After losing the first case, plaintiff brought a new one for the same relief, naming as defendants Noma Electric Corporation and Noma Electric Corporation and Noma Lites., Inc., but later an amended complaint was served dropping Noma Electric Corporation. Judge Walsh granted summary judgment on the ground of *res judicata* and plaintiff appeals.

In the prior suit, had the court found against Noma Electric Corporation the judgment would undoubtedly have been binding on Noma Lites, Inc., which is successor to the interest of, and, therefore, in privity with its former parent and predecessor. By parity of reasoning the judgment in favor of Noma Electric Corporation now operates here as a collateral estoppel with respect to all issues litigated with plaintiff in the prior suit. G. & C. Merriam Co. v. Saalfield, 6 Cir., 190 F. 927, 932; Acetol Products, Inc., v. Tripi, W.D.Mo.1930, 7 U.S.P.Q. 161; see also Restatement, Judgments § 90. Accordingly, we do not reach the problem before the Third Circuit in Bruszewski v. United States, 3 Cir., 181 F.2d 419.

Affirmed.